**UNITED STATES of America,**
**Appellee,**

v.

**Larry PETERSON, Defendant–**
**Appellant.**

**No. 00–1373.**

United States Court of Appeals,
Second Circuit.

Argued Nov. 2, 2000.

Decided April 30, 2001.

Gretchen L. Wylegala, Assistant U.S. Attorney, Western District of New York, (Denise E. O'Donnell, U.S. Attorney, on the brief), for Appellee.

Marianne Mariano, Federal Public Defender's Office, Western District of New York (Marybeth Covert, on the brief), for Defendant–Appellant.

Before KEARSE, LEVAL, and CABRANES, Circuit Judges.

PER CURIAM:

Defendant Larry Peterson appeals from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*), convicting him, following a guilty plea, of bank larceny in violation of 18 U.S.C. § 2113(b),

and sentencing him, *inter alia*, to five years of probation with conditions based in part on a prior, unrelated New York state sex-offense conviction. The conditions, *inter alia*, (1) restrict his ability to possess or use computers or the Internet; (2) require him to enter a mental health program for the treatment of "sexual predators"; and (3) require him to notify third parties, including potential employers and vocational and academic educational programs in which he might enroll, of his prior sex offense conviction as well as his bank larceny conviction. On appeal, Peterson contends that the District Court erred in imposing these and other conditions of probation, which gave substantial controlling discretion to the probation officer. We agree, at least in part, and therefore vacate the District Court's judgment and remand the case for resentencing consistent with this opinion.

## I.

On August 9, 1999, Peterson pleaded guilty to bank larceny in violation of 18 U.S.C. § 2113(b). The charge to which Peterson pleaded guilty arose out of bad checks that he wrote in connection with his failing computer business. After an initial judgment entered on February 28, 2000, was vacated, an amended judgment was entered on May 19, 2000. Peterson was sentenced principally to a five-year term of probation, with six months to be served in "intermittent confinement" and six months to be served in home detention, and an obligation to make restitution. The District Court imposed standard conditions of probation, as well as a number of special conditions. The conditions of probation were influenced by Peterson's 1996 New York state conviction for incest, Peterson's accessing on his home computers of legal adult pornography web sites both before and after his sentencing, and the probation

officer's finding that Peterson "pose[d] a great risk to the community."

The standard conditions imposed included that:

"as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement[s]."

The special conditions of probation imposed included the following:

"defendant shall not possess, purchase, or use a computer or computer equipment, which includes: a modem; Internet account; writable or re-writable CD Rom; tape backup or removable mass storage device; device/appliance that can be used to connect to the Internet; digital camera; CDs (other than original manufacturer's software distribution). The defendant is prohibited from using any commercial computer systems/services except for employment purposes as authorized by the probation officer. If allowed use of a computer for employment, the system shall only contain software required to perform his/her job";

"defendant is to enroll, attend and participate in mental health intervention specifically designed for the treatment of sexual predators as directed by the U.S. Probation Office. The defendant is not to leave such treatment until discharge is agreed to by the probation office and the treating agency";

"[d]ue to the defendant's criminal history and/or offense conduct, a third-party risk notification may be required. If required, the defendant must notify his employer of his conviction and/or criminal history";

"defendant is not to enroll in any educational program, either vocational or academic without permission of the U.S. Probation Office and only with full disclosure of his criminal background to that institution";

"defendant is prohibited from being on any school grounds, child care center, playground, park, recreational facility or any area in which children are likely to congregate."

On appeal, Peterson argues that the District Court erred in imposing these conditions of probation based on his prior sex-offense conviction.[1] For the reasons stated below, we agree.

## II.

In imposing a sentence, a district court must consider, *inter alia*, "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; [and] (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

Unless precluded by an applicable statutory provision, a district court may impose a sentence of probation. *See* 18 U.S.C. § 3551(b)(1). In so doing, the district court has discretion to set conditions of probation "to the extent that such conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2) and to the extent that such conditions involve only such deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 3553(a)(2)." 18 U.S.C. § 3563(b). This statutory scheme is mirrored in the Sentencing Guidelines. *See* U.S.S.G. § 5B1.3(b).

■ We review the District Court's imposition of probation conditions for abuse of discretion. *See U.S. v. Tolla,* 781 F.2d 29, 32 (2d Cir.1986). However, we have stated that we will "carefully scrutinize unusual and severe conditions," and that "[a] district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Doe,* 79 F.3d 1309, 1319–20 (2d Cir.1996) (internal quotation marks omitted).

### A. Restrictions on Computer Use and Internet Access

■ In our view, the broad restrictions on Peterson's computer ownership and Internet access are not "reasonably related," 18 U.S.C. § 3563(b), to "the nature and circumstances of the offense" or Peterson's "history and characteristics." 18 U.S.C. § 3553. Nor are they "reasonably necessary" to the broad sentencing purposes indicated in § 3553(a)(2). *See* 18 U.S.C. § 3563(b). The government does not argue that the computer and Internet restrictions were related to the offense of conviction. Rather, the government contends, and the district court found, that

1. We note that another special condition of probation imposed by the District Court in its May 19, 2000 judgment specifically prohibits Peterson from possessing or downloading any pornographic materials. Peterson has not objected to this condition on appeal. This condition was not imposed as part of the February 28, 2000 judgment, and therefore Peterson was not violating the terms of his probation when he accessed legal pornography on his computer during the period between February 28 and May 19, 2000.

these restrictions were reasonably related to Peterson's prior incest conviction. We do not deny that a relationship exists, but we find that the condition is neither *reasonably* related to that conviction nor "reasonably necessary" to the sentencing objectives.

We believe the breadth of the restrictions on computer and Internet use made those restrictions excessive. The computer/Internet restrictions prohibit the defendant outright from possessing or using a computer that includes either a modem, an Internet account, a mass storage device, or a writable or re-writable CD Rom. Computers and Internet access have become virtually indispensable in the modern world of communications and information gathering. The fact that a computer with Internet access offers the possibility of abusive use for illegitimate purposes does not, at least in this case, justify so broad a prohibition. *See United States v. White*, 244 F.3d 1199, 1206 (10th Cir. 2001) (computer restriction which "would bar [defendant] from using a computer at a library to do any research, get a weather forecast, or read a newspaper online" was excessively broad). Although a defendant might use the telephone to commit fraud, this would not justify a condition of probation that includes an absolute bar on the use of telephones. Nor would defendant's proclivity toward pornography justify a ban on all books, magazines, and newspapers. We believe this restriction was overbroad and therefore was not "reasonably related" to Peterson's offense or his history and characteristics.

Nor is the ban on computer or Internet use reasonably necessary to protect the public or Peterson's family from future crimes, or to any of the numerous broad sentencing grounds set forth in § 3553(a)(2). There is no indication that Peterson's past incest offense had any connection to computers or to the Internet. *Cf. United States v. Crandon*, 173 F.3d 122, 127–128 (3d Cir.1999) (affirming the district court's condition of supervised release restricting Internet access where the defendant met a fourteen-year old girl over the Internet and used her in the creation of child pornography).

Our conclusion is further reinforced by the Sentencing Guidelines provision that permits a district court to impose an occupational restriction-a restriction "prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so"—as a condition of probation "only if it determines that: (1) a reasonably direct relationship existed between the defendant's occupation ... and the conduct relevant to the offense of conviction; and (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." U.S.S.G. § 5F1.5; *see also* 18 U.S.C. § 3563(b)(5). *Cf. Doe*, 79 F.3d at 1319 ("[W]e carefully scrutinize unusual and severe conditions, such as one requiring the defendant to give up a lawful livelihood." (internal quotation marks omitted)).

Here, the special condition of probation imposed by the District Court constituted an occupational restriction. In addition to the broad prohibition on possession or use of computer equipment, the condition prohibits Peterson from using "commercial computer systems/services" for employment purposes without a probation officer's permission. The categorically banned items include technology that Peterson would likely need to hold any computer-related job (*i.e.*, "a modem; Internet account; writable or re-writable CD Rom; tape backup or removable mass storage device; device/appliance that can be used

to connect to the Internet; digital camera; [and] CDs (other than original manufacturer's software distribution)"). *Ante* at 81–82.[2] Peterson has consistently worked in computer-related jobs and, beginning in May 1997, operated his own computer business. Nothing in the record suggests that the Internet and computer restrictions are "reasonably necessary," U.S.S.G. § 5F1.5(a)(2), to protect the public or to deter Peterson from continuing to engage in the conduct for which he was convicted, *i.e.,* bank larceny based on payments made with bad checks. *See Doe,* 79 F.3d at 1322 (holding that the district court erred in imposing an occupational restriction because the record had not established that "there [was] reason to believe that, without such a restriction, the defendant [would] continue to engage in unlawful conduct similar to that for which he was convicted, and that such a restriction [was], therefore, reasonably necessary to protect the public"). We conclude that the special condition related to Peterson's use of computer equipment was unreasonably broad and categorical. In our view it cannot be sustained in such broad form.

## B.   Sex Offender Counseling

A court may require as a special condition of probation that a defendant partici-

pate in a mental health program "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment." U.S.S.G. § 5B1.3(d)(5); *accord* 18 U.S.C. § 3563(b)(9). Peterson argues that the District Court abused its discretion by mandating sex offender therapy beyond the therapy that the defendant was already receiving, and by delegating the decision whether Peterson should receive the therapy to the discretion of the probation officer.

In view of Peterson's prior offense which involved sexual abuse of his own disabled daughter from the age of 14, the District Court had adequate justification for prescribing mandatory therapy and there was no reason for the court to be constrained by the therapy the defendant was receiving by his own choice. It was up to the court to decide what therapy was appropriate.

■  We agree, however, that the special condition, as written, was an excessive delegation to the probation officer. The special condition states that "[t]he defendant is to enroll, attend and participate in mental health intervention specifically designed for the treatment of sexual preda-

---

**2.** On appeal, the government argues that the Internet and computer restrictions are more flexible-and, thus, less restrictive of Peterson's occupational opportunities-than reflected in the District Court's written judgment because the probation condition includes oral terms pronounced by the District Court at the April 11, 2000 sentencing hearing. This Court has held that "where there is a *direct conflict* between an *unambiguous* oral pronouncement of sentence and the written judgment and commitment ... the oral pronouncement ... must control." *United States v. Truscello,* 168 F.3d 61, 62 (2d Cir.1999) (internal quotation marks omitted) (emphasis added). However, "it is equally well established that it is permissible for the written judgment to resolve genuine ambiguities in the oral sen-

tence." *Id.* at 62–63. At resentencing, the District Court described the conditions as "flexible" and stated that Peterson could negotiate with the probation officer in the event that he found employment and desired a modification of the Internet restrictions. However, the District Court's oral pronouncement, unlike its written judgment, was not unambiguous and, thus, we find no reason to follow it in place of the Court's exacting written judgment. Moreover, we note that even if we were to accept the District Court's oral pronouncement as the final statement of the relevant special condition of probation, Peterson was plainly still subject to an occupation restriction—a "limit[ation on] the terms" on which he could participate in the computer industry. U.S.S.G. § 5F1.5.

tors *as directed by the U.S. Probation Office.*" *Ante* at 81–82 (emphasis added). The language is ambiguous: On the one hand, the first clause—"[t]he defendant is to enroll, attend and participate"—sounds as if mental health treatment is mandatory. On the other hand, the subsequent clause—"as directed by the U.S. Probation Office"—might be understood to qualify the mandatory nature of that obligation.

If Peterson is required to participate in a mental health intervention only if directed to do so by his probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer. *See* U.S.S.G. § 5B1.3(b) (*"[t]he court* may impose other conditions of probation ...") (emphasis added); *id.* § 5B1.3(d)(5) (condition requiring mental health treatment recommended "[i]f *the court* has reason to believe that defendant is in need of psychological or psychiatric treatment") (emphasis added); *United States v. Kent*, 209 F.3d 1073, 1079 (8th Cir.2000) ("[L]ower court improperly delegated a judicial function to [the defendant's] probation officer when it allowed the officer to determine whether [he] would undergo counseling."). On the other hand, if the District Court was intending nothing more than to delegate to the probation officer details with respect to the selection and schedule of the program, such delegation was proper. *See* U.S.S.G. § 5B1.3(d)(5) (court may impose "a condition requiring that the defendant participate in a mental health program approved by the United States Probation Office").

We therefore vacate this aspect of the sentence and remand for resentencing. If the district court intends that the therapy be mandatory but leaves a variety of details, including the selection of a therapy provider and schedule to the probation officer, such a condition of probation may be imposed. If, on the other hand, the court intends to leave the issue of the defendant's participation in therapy to the discretion of the probation officer, such a condition would constitute an impermissible delegation of judicial authority and should not be included.

## C. Third Party Notification

One of the standard conditions specified that "*as directed by the probation officer,* the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement[s]." *Ante* at 81 (emphasis added). In addition, two special conditions provided that:

"[d]ue to the defendant's criminal history and/or offense conduct, a third-party risk notification may be required. If required, the defendant must notify his employer of his conviction and/or criminal history," *ante* at 81–82, and

"defendant is not to enroll in any educational program, either vocational or academic without permission of the U.S. Probation Office and only with full disclosure of his criminal background to that institution." *Ante* at 81–82.

At resentencing, the District Court made clear that the probation conditions concerning third-party notification encompassed the incest conviction, as well as the bank larceny conviction.

To the extent that these conditions require notification of potential employers or educational programs of Peterson's state-court incest conviction, we believe this was not authorized by statute. An occupational restriction must be based on the offense of conviction. *See* 18 U.S.C. § 3563(b)(5) (court may restrict defendant's ability to engage in occupation or

profession "bearing a reasonably direct relationship to the conduct constituting the offense"); U.S.S.G. § 5F1.5(a)(1) (court may impose occupational restrictions only if it determines that "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction"). Therefore, the third-party notification requirements are unauthorized to the extent that they require informing potential employers or educational programs about the incest conviction, which is not the offense of conviction.

 Furthermore, to the extent that the conditions contemplate employer notification of the offense of conviction, we believe, for the same reasons specified above, that the court must determine, rather than leaving to the discretion of the probation officer, whether such notification is required. If the court believes such notification should be mandatory for certain types of employment but not others, the court may specify guidelines to direct the probation officer, but may not simply leave the issues of employer notification to the probation officer's unfettered discretion. *See Doe*, 79 F.3d at 1319.

We therefore vacate so much of the judgment as imposes an employer notification requirement relating to the defendant's incest conviction, and remand for clarification of the mandatory nature and scope of employer notification of the offense of conviction.

**D. Parks and Recreational Facilities**

The defendant also challenges the condition which prohibits him from "being on any school grounds, child care center, playground, park, recreational facility or in any area in which children are likely to congregate." While the district court did not abuse its discretion in imposing a condition which restricts the defendant's ability to visit places where children are likely to congregate, we find the condition as written ambiguous and, depending on its meaning, excessively broad. It is not clear whether the clause "in which children are likely to congregate" applies only to "any area," or to the other places listed. In particular, it is unclear whether the prohibition applies only to parks and recreational facilities in which children congregate, or whether it would bar the defendant from visiting Yellowstone National Park or joining an adult gym. In view of the defendant's prior child sex abuse, the court had justification to impose a condition of probation that prohibits the defendant from being at educational and recreational facilities where children congregate. In our view, however, there would be no justification to forbid the defendant from being at parks and educational or recreational facilities where children do not congregate. We remand for clarification of this passage of the condition of probation.

Finally, the defendant contends that the District Court abused its discretion in barring him from unsupervised contact with children under eighteen. We find no abuse of discretion in this condition.

**Conclusion**

The sentence is vacated and the matter remanded for resentencing in accordance with this opinion.