**UNITED STATES of America,**
**Appellee,**

v.

**Donald SHELDON, Defendant–**
**Appellant.**

**Docket No. 01–1294.**

United States Court of Appeals,
Second Circuit.

Dec. 17, 2001.

Barry D. Leiwant, Esq., The Legal Aid Society, New York, NY, for Appellant.

Michael M. Purpura, Assistant United States Attorney, (Mary Jo White, United States Attorney for the Southern District of New York, David B. Anders, Assistant United States Attorney, on the brief), New York, NY, for Appellee.

Present WALKER, Chief Judge, NEWMAN, and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Donald Sheldon appeals from the May 24, 2001 judgment of the district court affirming in part and vacating in part the special conditions of probation imposed on Sheldon by Magistrate Judge Douglas F. Eaton. On March 31, 1997, Sheldon was convicted, upon his plea of guilty, of one count of misdemeanor criminal contempt in violation of 18 U.S.C. § 401(3), for which he was sentenced prin-

cipally to 5 years' probation, including a period of community confinement. As special conditions of his probation, Sheldon was (1) prohibited from possessing a firearm; (2) required to file accurate Federal and State income tax returns for 1991 through the period of his probation; and (3) required to comply with a November 18, 1992 order of the Securities and Exchange Commission (the "SEC order") barring him from associating with any broker, dealer, or municipal securities dealer.

Sheldon's conviction and sentence arise from his two-and-a-half-year defiance of a bankruptcy judge's order requiring Sheldon, *inter alia,* to submit to a deposition and provide other discovery concerning his income and assets. This order was issued in March 1993 after a judgment of approximately $9.4 million was rendered against Sheldon in the bankruptcy proceedings arising out of the dissolution of Donald Sheldon & Co., a municipal bond firm which Sheldon founded and directed. Rather than comply with the order, Sheldon remained a fugitive until his arrest in November 1995. In Sheldon's first sentencing hearing in March 1997, the magistrate judge found that, in light of the unusual length of time during which Sheldon remained a fugitive and his failure to file income tax returns for 1991 to 1995, Sheldon deliberately and persistently refused to answer questions about his assets and income and thereby frustrated the efforts of the bankruptcy trustee to enforce the judgment against Sheldon.

Since then, Sheldon's sentence has been the subject of repeated review. In February 1998, on remand from Sheldon's first appeal to the district court, the magistrate judge imposed the same sentence after specifically finding that Sheldon concealed $66,000 in income from the bankruptcy trustee during the period he was a fugitive by, among other things, his failure to file income tax returns. In his second appeal

to the district court, in May 2001, Sheldon for the first time challenged the special conditions of his probation on the ground that they were not reasonably related to his crime, personal history or characteristics, or the purposes of sentencing. Although the district court vacated the firearms prohibition on this basis, it affirmed the conditions requiring Sheldon to file accurate tax returns and to comply with the SEC order. On appeal, Sheldon renews his challenge to the two remaining conditions of his probation.

█ A district court is afforded "broad discretion" in imposing the conditions of probation, *United States v. Tolla,* 781 F.2d 29, 32 (2d Cir.1986), and we review these conditions under an abuse of discretion standard, *United States v. Peterson,* 248 F.3d 79, 82 (2d Cir.2001) (per curiam). Because Sheldon admittedly failed to challenge the conditions of his probation at his sentencing, he must now show plain error to overturn the conditions. *United States v. Abrar,* 58 F.3d 43, 47 (2d Cir.1995). Sheldon cannot meet this "heavy" burden. *Tolla,* 781 F.2d at 32.

Sheldon contends that the condition requiring him to file accurate income tax returns is not reasonably related to his offense conduct or to any other sentencing factor. More specifically, Sheldon argues that because neither his offense of contempt of court nor the underlying conduct involved in the bankruptcy proceeding involved any tax-related misconduct, this condition is not "reasonably related" to the "nature and circumstances of [his] offense" or any of the other statutorily prescribed goals of sentencing, such as the need for deterrence or to protect the public from future crimes. *See* 18 U.S.C. § 3553(a)(1) & (2); *see also* U.S.S.G. § 5D1.3(b). We disagree.

█ As an initial matter, we reject Sheldon's suggestion that a tax-related probation condition is only appropriate in cases

involving tax-related offenses. The discretion of a sentencing judge is not narrowly limited to the consideration of offense conduct or any other single factor. Rather, this court has found that a "condition may be imposed if it is reasonably related to any one or more of the specified factors." *Abrar,* 58 F.3d at 46. In any event, contrary to Sheldon's contentions, neither the district court nor the magistrate judge erred in finding that the condition of filing accurate income tax returns was reasonably related to Sheldon's offense and past conduct, which involved deliberate and persistent efforts to conceal his assets and income by, among other things, failing to file income tax returns. We also note that the magistrate judge reasonably thought that the added supervision of the probation officer would help to deter any future lapses by Sheldon in fulfilling his legal obligation to file income tax returns. *See United States v. Germosen,* 139 F.3d 120, 132 (2d Cir.1998) (finding condition requiring defendant to submit to searches of his property and person to be "entirely reasonable" where defendant's past conduct gave rise to serious doubts about his "candor on financial matters").

In his reply brief and at oral argument, Sheldon expressed concern that the language of the tax-filing condition could impose burdens on him that went beyond ensuring his compliance with his pre-existing legal obligation to file income tax returns. The requirement to file "accurate" income tax returns, Sheldon contends, could be interpreted to require him to file returns in the future even if he was not otherwise legally obligated to do so because, for example, he did not earn sufficient income. These concerns should have been allayed by the government's concession at oral argument that (1) it interpreted the requirement to file "accurate" tax returns to require only the filing of those tax returns that were otherwise legally required; and (2) that the government would not support a finding by the probation department that Sheldon violated the conditions of his probation by not filing a tax return that he was not otherwise legally required to file.

 We are also unpersuaded by Sheldon's objections to the condition of his probation requiring him to comply with the SEC order barring his association with any broker, dealer, or municipal securities dealer. In particular, we are not convinced by Sheldon's characterization of this condition as an occupational restriction that, contrary to the requirements imposed by U.S.S.G. § 5F1.5(a), is unrelated to his offense conduct and unnecessary to prohibit future misconduct. This condition is not an occupational restriction because its effect is limited to requiring compliance with the pre-existing SEC order; indeed, the magistrate judge expressly stated that, should the SEC order be reversed, this probation condition would be stricken. As is further evident from the magistrate judge's remarks and the district court's findings, this condition was intended to deter Sheldon from violating the SEC order in the future. Given Sheldon's past defiance of the bankruptcy court's order, this condition is plainly "reasonably related" to the goal of deterring Sheldon from further violations of lawful orders and thus to the offense of conviction which was itself such a violation.

Accordingly, for the reasons set forth above, the judgment of the district court is AFFIRMED.