**UNITED STATES of America,**
**Appellee,**

v.

**Elihu Ebo HERD, a/k/a "Ebo,"**
**Defendant–Appellant.**

**No. 03–1359.**

United States Court of Appeals, Second Circuit.

Feb. 12, 2004.

Joseph A. Vita, Law Office of Joseph A. Vita, Port Chester, NY., for Appellant.

Jonathan B. Leiken, Assistant United States Attorney (James B. Comey, United States Attorney for the Southern District of New York, on the brief; Celeste L. Koeleveld, Assistant United States Attorney, New York, NY., for Appellees, of Counsel.

PRESENT: LEVAL, SOTOMAYOR, and WESLEY, Circuit Judges.

SUMMARY ORDER

Defendant–Appellant Elihu Ebo Herd ("Herd") appeals from a sentence imposed by the United States District Court for the Southern District of New York (McMahon, J.), following a guilty plea. On January 9, 2003, Herd was charged, in a five-count information, with using a communication facility to facilitate the commission of a federal narcotics offense, in violation of 21 U.S.C. § 843(b). That day, Herd pled guilty to all five counts of the information. On May 27, 2003, the district court sentenced Herd to 18 months' imprisonment, to be followed by a one-year term of supervised release to be served in the Southern District of New York, and a mandatory $500 special assessment.

On appeal, Herd argues that the district court abused its discretion by requiring him to complete his term of supervised release in the Southern District of New York, rather than in Vermont, his home state. Herd further argues that the district court erred by failing to articulate findings supporting its decision to require this "unusual and severe" condition of supervised release. Although we typically review the district court's sentencing decisions for abuse of discretion, *United States v. Peterson*, 248 F.3d 79, 82 (2d Cir.2001), because Herd did not raise these objections at the sentencing proceedings, we review the district court's decision for plain error. *United States v. Brown*, 352 F.3d 654, 663 (2d Cir.2003); *see also United States v. Crowley*, 318 F.3d 401, 415 (defining "plain error" as that which is a "clear or obvious deviation from current law that affected the outcome of the district court proceedings.") (internal quotation marks omitted). We find that the district court's sentencing decision did not constitute plain error, as it was well within the court's discretion to impose a condition

of supervised release, and that the decision did not affect Herd's substantial rights.

Herd argues that the district court's condition, requiring him to complete supervised release in the Southern District of New York, is unrelated to the goals of sentencing—deterrence, rehabilitation of the defendant and protection of the public—and is therefore improper. [Blue 10–11] We find this argument unavailing, as the district court has explicit discretion to order Herd, as a condition of supervised release, to "remain within the jurisdiction of the court," *see* 18 U.S.C. § 3563(b)(14), so long the discretionary condition "is reasonably related" to the goals of sentencing, and "involves no greater deprivation of liberty than is reasonably necessary." 18 U.S.C. § 3583(d)(1), (2). The district court recognized that Vermont had been the site of Herd's prior drug and criminal activity, and concluded that the prospect of Herd's successful completion of a drug rehabilitation program would be compromised if he remained in Vermont during supervised release. The district court's decision to require Herd to reside in and undergo drug treatment in the Southern District during supervised release was clearly intended to further the goal of "provid[ing] the defendant with needed ... medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Moreover, the district court noted that, upon successful completion of in-patient drug treatment in the Southern District, it would consider transferring Herd to another district—presumably Vermont—for the remainder of his supervised release term. Under these circumstances, it is clear that the district court's efforts were reasonably related to achieving Herd's rehabilitation, and that Herd was not unduly prejudiced by the imposition of this condition.

Herd also argues that the district court did not articulate any reason or basis for

imposing the condition requiring Herd's residence in the Southern District of New York during supervised release. [Blue 14] Contrary to Herd's contention, during the sentencing proceedings, the district court explicitly noted Herd's lengthy history of drug abuse and criminal activity in Vermont, which had been documented in the presentence report adopted by the court. [A 40] The court further noted that it would require Herd to reside in the Southern District during his period of supervised release in order avoid the possibility of recidivism and to facilitate its supervision of Herd's rehabilitation.

For the foregoing reasons, the judgment of the District Court is AFFIRMED.