**UNITED STATES of America**

v.

**Gary HAILE, Appellant.**

**No. 09–1433.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Jan. 12, 2010.

Opinion Filed: Feb. 8, 2010.

Robert F. Kravetz, Esq., Office of United States Attorney, Wilmington, DE, for United States of America.

Edson A. Bostic, Esq., Daniel I. Siegel, Esq., Office of Federal Public Defender, Wilmington, DE, for Appellant.

Before: SCIRICA, Chief Judge,
BARRY and SMITH, Circuit Judges.

## OPINION

BARRY, Circuit Judge.

Appellant Gary Haile argues that the District Court erred by improperly delegating authority to the probation officer to decide whether or not Haile should receive a mental health evaluation and treatment as a condition of supervised release. Because the Court was clear that it would make the ultimate decision as to whether a mental health evaluation and treatment would be necessary, we will affirm.

## BACKGROUND

Haile pled guilty to a one-count information charging him with Hobbs Act robbery, 18 U.S.C. §§ 1951–52. At his sentencing hearing on January 14, 2009, the District Court imposed a sentence of 168 months' imprisonment, as well as a three-year term of supervised release. (App. at 39–40.) This appeal challenges the following statement of the Court made while imposing conditions of supervised release:

At the direction of your probation officer, you shall undergo a mental health evaluation and follow the recommendations of that evaluation; including participation in anger management or cog-

nitive therapy. Now, there's a new case that says that probation officers are not to be charged in essence with that responsibility. It's a non-precedential case. I'm not sure what that means. I want the record to reflect that the judge will personally supervise the need for that mental health evaluation and any cognitive therapy imposed."

(*Id.* at 41.) Haile did not object at sentencing to this statement or to any of the conditions of supervised release. The amended judgment[1] issued on February 11, 2009 included a requirement that "Defendant shall undergo a mental health evaluation and follow the recommendations of the evaluation, including participation in anger management or cognitive behavioral therapy." (*Id.* at 53.)

Haile appealed. He argues that "the District Court improperly delegated judicial authority to the probation officer." (Appellant's Br. at 3.) He "seeks a remand with directions to vacate the mental health condition." (*Id.*)

## JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have appellate jurisdiction pursuant to 28 U.S.C. § 1291. The parties agree that our review is for plain error. *United States v. Voelker*, 489 F.3d 139, 143 n. 1 (3d Cir. 2007); *United States v. Warren*, 186 F.3d 358, 362 (3d Cir.1999).

## DISCUSSION

Not surprisingly, the parties offer different interpretations of the challenged statement of the District Court. On the one hand, Haile argues that the Court delegated the decision about whether he should

---

1. The judgment had been amended to correct a clerical error. (App. at 50.)

receive a mental health evaluation and treatment; on the other hand, the government insists that the Court was clear in its instruction that Haile "was required to undergo a mental health evaluation and treatment." (Appellee's Br. at 10.)

In *United States v. Pruden,* we labored to strike the appropriate balance between two competing imperatives: namely, the "most important limitation . . . that a probation officer may not decide the nature or extent of the punishment imposed upon a probationer" and the reality that "courts cannot be expected to map out every detail of a defendant's supervised release." 398 F.3d 241, 250 (3d Cir.2005). To achieve this balance, we adopted the following standard, which we recently reaffirmed in *United States v. Heckman,* 592 F.3d 400, 409–10 (3d Cir.2010):

> If [the defendant] is required to participate in a mental health intervention only if directed to do so by his probation officer, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer. On the other hand, if the District Court was intending nothing more than to delegate to the probation officer the details with respect to the selection and schedule of the program, such delegation was proper.

*Pruden,* 398 F.3d at 250 (quoting *United States v. Peterson,* 248 F.3d 79, 85 (2d Cir.2001)).

It would be wrong to characterize the District Court's statement as requiring Haile to participate in a mental health evaluation and subsequent treatment only

if the Probation Office determined it was necessary. In stating that it would "supervise the need for it," the Court made clear that it retained control over the decision. App. at 41; *see Heckman,* 592 F.3d at 410–11. Moreover, the language of the judgment order gives no discretion to the Probation Office, as it unequivocally states that "the defendant shall undergo a mental health evaluation and follow the recommendations of the evaluation."[2] (App. at 53.)

Thus, because the Court's oral and written instructions demonstrate that it retained authority over the need for an evaluation and treatment, it did not commit error, much less plain error, in imposing the special condition of supervised release at issue in this appeal. *See Heckman,* 592 F.3d at 410–11 (finding permissible delegation where "[p]articipation in the mental health treatment program itself is mandatory, and only the details are to be set by the Probation Office").

## CONCLUSION

The judgment of sentence will be affirmed.

---

2. Our decision in *Heckman* is instructive. There, the district court stated: "The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the United States Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the United States Probation Office."

592 F.3d at 409. We found that this was not an improper delegation because the second sentence—instructing that Heckman *"shall remain in treatment . . ."*—cleared up any ambiguity caused by the sentence that preceded it and "naturally read as requiring mandatory treatment and thus limiting the Probation Office's discretion." *Id.* at 410.