**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 09-4686

———————

UNITED STATES OF AMERICA

v.

PAUL S. GOLDEN,
                                        Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
(D.C. Crim. No. 1-09-cr-00014-001)
District Judge: Honorable Joseph J. Farnan, Jr.

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
July 15, 2010
Before:   FUENTES, VANASKIE and WEIS, Circuit Judges.

(Filed: July 27, 2010)
———————

OPINION

———————

WEIS, Circuit Judge.

        Defendant Paul Golden pled guilty to two counts of violating 18 U.S.C. §§

922(g)(1) and 924(a)(2).  His presentence investigation report detailed a history of

1

psychological problems, and defense counsel likewise acknowledged that defendant

"clearly suffers from a host of mental illnesses."

During the sentencing hearing, the district judge told defendant that the

Court was aware of his mental health problems and said:

> "I have a lot of concern because of what's been
> expressed about your psychological conditions . . .[,]
> [and i]t's clear to me that needs attention. . . . [T]here
> certainly will be some help available [in prison and] . . .
> next would be during your course of supervised release
> to continue with whatever [treatment] has begun
> in the institution."

After orally sentencing defendant to 84 months' incarceration, the district

judge added, "[w]hile on supervised release . . .. [y]ou are to participate in *an*

educational, vocational job training, and cognitive behavioral therapy program, including

the U.S. Probation[ ] Office's Workforce Development Program as directed by your

probation officer." (emphasis added).

Following the sentencing hearing, the Court entered a written judgment of

sentence, which included a supervised release term: "Defendant shall participate in *any*

educational, vocational, job training, and cognitive behavioral therapy program, including

the U.S. Probation Office's Workforce Development Program, as directed by the

probation officer." (emphasis added).

Defendant timely appealed. Reading the written judgment as requiring him

to participate in "any" program as directed by the probation office, which could choose

2

among a list of alternatives that "may or may not" include mental health treatment, defendant contends that the District Court's printed judgment plainly erred in delegating to the probation office the determination whether he would undergo mental health treatment on supervised release.

We review the defendant's argument for plain error, see United States v. Evans, 155 F.3d 245, 248 (3d Cir. 1998) (plain error review used when contentions on appeal "not raised in the district court"), and will affirm.

A district court impermissibly delegates judicial authority if a defendant "is required to participate in a mental health intervention only if directed to do so by his probation officer." United States v. Pruden, 398 F.3d 241, 251 (3d Cir. 2005) (quoting United States v. Peterson, 248 F.3d 79, 85 (2d Cir. 2001)). However, "if the District Court . . . intend[s] nothing more than to delegate to the probation officer the details with respect to the selection and schedule of the program, such delegation [i]s proper." Id. (citation omitted).

In Pruden, as a condition of supervised release, the defendant was required to "participate in a mental health treatment program *at the discretion of the probation officer*" even though the record in that case did not demonstrate a need for psychological counseling. 398 F.3d at 250. The delegation was held to be plain error because it gave the "probation officer the authority to decide whether or not [defendant would] have to participate in a mental health treatment program." Id. at 250-51.

3

We reached a different result in <u>United States v. Heckman</u>, 592 F.3d 400 (3d Cir. 2010). There, the district court imposed as a condition of supervised release: "The defendant shall participate in a mental health program for evaluation and/or treatment as directed by the United States Probation Office. The defendant shall remain in treatment until satisfactorily discharged and with the approval of the United States Probation Office." 592 F.3d at 409. Our decision focused on the defendant's need for counseling, the government's request for it, and the "mandatory" nature of the court's language. <u>Id.</u> at 410-11.

<u>Heckman</u> and <u>Pruden</u> demonstrate that the results do "not turn on . . . semantic differences," <u>id.</u> at 410 n.13, but rather on the record and the sentencing judge's intent. Here, an ambiguity between the judge's oral use of "an . . . program" and the printed "any . . . program" may be the result of a simple keyboard error. Ambiguities in this context do not require reversal. Any question about the matter is quickly resolved by the sentencing judge's statements at the hearing, which recognized the need for continuing treatment during the defendant's incarceration and supervised release.

Although the District Court might have been more precise in the preparation of the written judgment, there is no need for remand here. In the interest of clarity, however, we direct the probation office to provide defendant with mental health treatment during supervised release. The probation office has been delegated only the

4

details with respect to the listed programs.

Accordingly, the Judgment of the District Court will be affirmed.