16-3172-cr
United States v. Waden

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 2nd day of November, two thousand seventeen.

Present:     RALPH K. WINTER,
             JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,

                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

             v.                                                    16-3172-cr

RONALD DAVID WADEN,

                      *Defendant-Appellant*.

_____

Appearing for Appellant:     ANNE M. BURGER, Assistant Federal Public Defender, Federal
                             Public Defender's Office, Western District of New York,
                             Rochester, N.Y.

Appearing for Appellees:     JOSEPH J. KARASZEWSKI, Assistant United States Attorney,
                             *for* James P. Kennedy, Jr., Acting United States Attorney, Western
                             District of New York, Buffalo, N.Y.

Appeal from the United States District Court for the Western District of New York (Geraci, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED AND REMANDED**.

Defendant-Appellant Ronald David Waden appeals the judgment of conviction entered against him on August 30, 2016 by the United States District Court for the Western District of New York (Geraci, *J.*), following a guilty plea by Waden to violating the terms of his supervised release. Waden, initially convicted of a sexual offense in 2008, challenges the district court's imposition of the condition that he undergo "mental health intervention specifically designed for the treatment of sexual offenders as approved by the U.S. Probation Office," as an impermissible delegation of sentencing authority to the Probation Office. We assume the parties' familiarity with the underlying facts and procedural history.

The power to impose special conditions of supervised release is vested exclusively in the district court. 18 U.S.C. § 3583; U.S.S.G. § 5D1.3(b), (d)(7). A district court may delegate to a probation officer decisionmaking authority over certain minor details of supervised release. *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001). However, "a district court may not delegate to the Probation Department decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). "In other words, the extensive 'supervision mission' of federal probation officers includes executing the sentence, but not imposing it." *Id.* (citing *United States v. Reyes*, 283 F.3d 446, 456 (2d Cir. 2002) (internal quotation marks omitted)).

In *Peterson*, we found that the special condition that the defendant "is to enroll, attend and participate in mental health intervention specifically designed for the treatment of sexual predators as directed by the U.S. Probation Office" was impermissible, and remanded to the district court for a determination as to whether the defendant would undergo such treatment. 248 F.3d at 84-85.

Waden challenges a nearly identical condition. The district court ordered that Waden undergo mental health intervention designed for sexual offenders "as approved by the U.S. Probation Office." App'x at 47. Further, while in *Peterson* we were uncertain as to the intended effect of this language, here, the sentencing hearing proceedings made plain that the condition was attached for the purpose of affording the Probation Office the discretion to require Waden to participate in the treatment "in case" the Probation Office found that Waden had engaged in behavior similar to the conduct underlying his original sexual offense. App'x at 38-39. If the Probation Office found that such behavior had occurred, the Probation Office would then determine whether additional treatment was warranted.

We find that this condition requires the Probation Office to engage in fact finding that is reserved to the trial court and, as in *Peterson*, is an improper delegation of sentencing authority. To allow the Probation Office to determine whether Waden would undergo the treatment made Waden's "liberty itself contingent on a probation officer's exercise of discretion." *Matta*, 777 F.3d at 122.

Accordingly, we VACATE that portion of the sentence and REMAND to the district court to remove in full the condition that Waden undergo mental health intervention designed for sexual offenders.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk