17-943-cr
*United States v. Donohue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand eighteen.

PRESENT:   RALPH K. WINTER,
           GERARD E. LYNCH,
           DENNY CHIN,
                   *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                   *Appellee*,

            v.                                          17-943-cr

JUSTIN DONOHUE,
                   *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                      Lisa M. Fletcher, Paul D. Silver, Assistant
                                   United States Attorneys, *for* Grant C. Jaquith,
                                   Acting United States Attorney for the Northern
                                   District of New York, Albany, New York.

FOR DEFENDANT-APPELLANT:     James P. Egan, Assistant Federal Public
                             Defender, *for* Lisa A. Peebles, Federal Public
                             Defender for the Northern District of New
                             York, Syracuse, New York.

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED IN PART** and the case is **REMANDED** for further proceedings**.**

Defendant-appellant Justin Donohue appeals from a judgment entered March 23, 2017, revoking his supervised release and sentencing him to 10 months' imprisonment followed by 20 years' supervised release. As a condition of Donohue's supervised release, the district court prohibited Donohue from having any unsupervised contact with any minor, including his nine-year-old son. On appeal, Donohue challenges this condition on the basis that the district court failed to adequately explain the need for this condition, the condition is unrelated to the sentencing factors in 18 U.S.C. § 3553(a), and the restriction on contact with his son amounts to a greater deprivation of his liberty than necessary. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

*BACKGROUND*

On February 8, 2008, Donohue pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). He was sentenced to 10 years'

imprisonment to be followed by 20 years' supervised release. As part of the terms of his supervised release, the court imposed Special Condition 1:

> The defendant shall not have any direct contact with a person under the age 18 unless it is supervised by a person approved of by the probation officer. The defendant shall not have indirect contact with a person under the age of 18 through another person or through a device (including a telephone, computer, radio, or other means) unless it is supervised by a person approved of by the probation officer. The defendant shall reasonably avoid and remove himself from situations in which the defendant has any other form of contact with a minor. J. App. 47.

Donohue completed his sentence and was released to supervision on May 2, 2016. On June 3 and 4, 2016, however, Donohue violated the terms of his supervised release by viewing sexually explicit videos of adults and nude pictures of children under the age of 18. In February 2017, Donohue again violated the terms of his supervised release by using his employer's computer to search for child pornography.

On February 28, 2017, the Probation Office filed a revocation petition with the district court alleging that Donohue violated conditions of his supervised release by: (1) committing a federal offense by making knowingly false statements on three monthly probation reports denying that he (a) accessed the internet without authorization and (b) viewed pornography; (2) conducting internet image searches outside of his approved employment computer use; and (3) viewing images depicting sexually explicit conduct.

In anticipation of the revocation proceeding, Donohue's counsel submitted a letter to the district court requesting a modification to Special Condition 1 in the event

the court imposed a new term of supervised release at the revocation hearing. The letter explained that Donohue "has a nine-year-old son who lives in Virginia," and "[t]hey were able to build a relationship while [Donohue] was incarcerated, but have not been able to speak since [he] began his term of supervised release." J. App. 59. It also stated that Donohue "would like to be able to talk to his son on the phone or via Skype, and perhaps eventually be able to receive visits from him." J. App. 59.

At the revocation proceeding on March 21, 2017, Donohue admitted to the three violations. Before the proceedings turned to sentencing, Donohue's counsel again requested that Donohue receive permission to interact with his nine-year-old son. The district court explained that "[a]ll [Donohue] has to do is discuss it with [the Probation Office] and work out a schedule and how it will be done." J. App. 64.

Donohue was then sentenced to a 10-month term of imprisonment and 20 years' supervised release. Among other conditions of supervised release, the district court reimposed the condition prohibiting Donohue from having any unsupervised contact with minors, redesignating it as Special Condition 2.

After the imposition of the sentence, defense counsel asked for clarification on Special Condition 2 and expressed "concern[ ] how that would affect [Donohue's] relationship with his own children." J. App. 69-70. The district court instructed Donohue that he has "got to work with the probation officer on that," and

that "[a]s it stands right now, there's no contact permitted, he will see [the probation officer] and will discuss it and work out a program for him." J. App. 70.

Judgment was entered March 23, 2017. This appeal followed.

## *DISCUSSION*

### A. *Applicable Law*

We review the imposition of a special condition of supervised release for abuse of discretion. *United States v. Peterson*, 248 F.3d 79, 82 (2d Cir. 2001).[1] Although sentencing courts have broad discretion to tailor conditions of supervised release, this discretion is not "untrammeled," *United States v. Amer*, 110 F.3d 873, 883 (2d Cir. 1997), and we "will carefully scrutinize unusual and severe conditions," *United States v. Myers*, 426 F.3d 117, 124 (internal quotation marks and citation omitted).

A sentencing court may impose special conditions of supervised release, but the conditions (1) must be reasonably related to certain prescribed sentencing factors in 18 U.S.C. § 3553(a), including "the nature and circumstances of the offense and the history and characteristics of the defendant," *id*. § 3553(a)(1), the need to deter criminal conduct, *id*. § 3553(a)(2)(B), the need to "protect the public from further crimes of the defendant," *id*. § 3553(a)(2)(C), and the need to "provide the defendant with needed educational or vocational training, medical care, or other correctional treatment

---

[1] The Government argues that Donohue did not "object in the district court" to the imposition of the special condition at issue, and asks us to review Donohue's sentence for plain error. We reject the argument that the plain error standard applies. While Donohue's objection could have been clearer, he sought a modification of the condition prior to sentencing, and at sentencing, his counsel repeatedly asked for clarification of the condition and expressed concern about how it would affect Donohue's relationship with his son.

in the most effective manner," *id.* § 3553(a)(2)(D); (2) must not involve any greater deprivation of liberty than is reasonably necessary to achieve the purposes of sentencing; and (3) must be consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d).

Because it is well established that a parent's interest in maintaining a relationship with his or her child is protected by the Due Process Clause of the Fourteenth Amendment, *Wilkinson v. Russell*, 182 F.3d 89, 103-04 (2d Cir. 1999), a condition of supervised release that prevents a father from seeing his son outside the presence of an approved monitor is a severe one subject to careful scrutiny, *see Myers*, 426 F.3d at 126 (explaining that we must "carefully examine" a special condition that implicates a constitutionally protected interest).

The constitutional privileges attached to the parent-child relationship are not, however, absolute. *Id.* at 125. Indeed, due process protection extends to a non-custodial, biological parent only where the parent has demonstrated "a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of [the] child." *Lehr v. Robertson*, 463 U.S. 248, 261 (1983) (internal quotation marks and brackets omitted).

In *United States v. Myers*, we held that where a district court imposes a condition of supervised release that restricts contact with a defendant's child, it must answer the following questions: "(1) what the goal of the condition is; (2) if the goal is

to protect [a defendant's] own child, whether an adequate record can be developed to support it; (3) whatever the goal of the condition, whether [the defendant] has any constitutionally protected right to a relationship with his child; and (4) what terms of the condition are necessary and not a greater deprivation of any identified liberty interests than reasonable to achieve the sentencing goal." 426 F.3d at 130.

## B. *Application*

Donohue argues that the district court failed to explain why the condition was reasonably necessary to achieve the goals of sentencing. Further, he contends that the court failed to tailor the condition to provide no greater deprivation of liberty than necessary and instead delegated to the probation office any decision as to whether and how to supervise Donohue's contact with his child.

We conclude that remand is necessary. Whether the purpose of the condition was to protect other children or to protect Donohue's son, the district court was required to create a full record to determine whether Donohue has any parental rights that triggered due process concerns. *See Myers*, 426 F.3d at 128. The district court did not develop an adequate record in this case.

First, the court did not explicitly identify the sentencing goal of the condition. The court may very well have prohibited any contact with minors because Donohue had previously had a sexual relationship with a person under the age of 18, and his conviction related to the receipt of a substantial amount of child pornography,

establishing his sexual interest in children. Although the "[p]rotection of other children would therefore be a reasonable and well-supported goal," *Myers*, 426 F.3d at 127, consistent with "the need to protect the public from further crimes of the defendant," U.S.S.G. § 5D1.3(b)(1)(C), the district court was still required to "make findings as to whether [Donohue] has any constitutionally protected liberty interest in his relationship with his son," *Myers*, 426 F.3d at 127. It did not do so.

Second, it is not clear from the record whether the goal of the condition was to protect Donohue's son. As we explained in *Myers*, if the goal of the condition is to protect the child, the court "will need to develop a record demonstrating the danger to that child." *Id.* at 127-28. Here, the district court did not make any specific findings as to whether Donohue posed a threat to his own son, and, if so, how or why. Although Donohue was convicted for receiving child pornography, including pornography involving young boys, the record does not indicate that he had any sexual interest in his son or any interest in using his son to gain access to other children.

Third, the record is not clear as to whether Donohue's relationship with his son "is sufficiently established to merit constitutional protection." *Myers*, 426 F.3d at 128. Both Donohue and the Government concede that there remains an open question whether Donohue fits the description of a "non-custodial, biological parent who demonstrates a full commitment to the responsibilities of parenthood," such that the relationship triggers due process concerns. *Id.* (internal quotation marks omitted).

- 8 -

Donohue maintains that he had a relationship with his son while incarcerated and wishes to continue such a relationship. The Government, on the other hand, alleges that Donohue's son lives out of state, he has had no active role in his upbringing, and he has not officially established his paternity. We cannot determine from the record whether Donohue's relationship with his son is constitutionally protected.

Lastly, we are unable to determine whether the terms of the condition represent a "greater deprivation of liberty than is reasonably necessary" without knowing whether the restriction on contact implicates a constitutionally protected interest. 18 U.S.C. § 3583(d)(2); *see Myers*, 426 F.3d at 128 (explaining that if a fundamental liberty interest is implicated by a special condition of supervised release, "our application of [this standard] must reflect . . . heightened constitutional concerns"). Assuming Donohue does have a protected interest, the district court failed to articulate why such a severe and absolute intrusion on the fundamental right to familial association was necessary under the circumstances. *See Lehr*, 463 U.S. at 261 (an individual's "interest in personal contact with his child acquires substantial protection under the Due Process Clause").

Rather than tailoring the condition, the court broadly prohibited any contact with minors and delegated the entirety of Donohue's contact with his son -- if any -- to the probation office. *See Peterson*, 248 F.3d at 85 (2d Cir. 2001) ("If [defendant] is required to participate in a mental health intervention only if directed to do so by his

probation office, then this special condition constitutes an impermissible delegation of judicial authority to the probation officer. On the other hand, if the District Court was intending nothing more than to delegate to the probation officer details with respect to the selection and schedule of the program, such delegation was proper." (internal citations omitted)). The district court did not have the discretion to delegate this responsibility under the circumstances. *See Myers*, 426 F.3d at 130 ("[T]he district court may not improperly delegate [the determination of whether a special condition is necessary] to the probation office." (emphasis omitted)).

Accordingly, we conclude that it was not within the discretion of the district court to impose such a broad condition of supervised release without developing an adequate record to support its validity. We therefore remand the case to the district court for resentencing only with respect to Special Condition No. 2. If Donohue establishes that he has a right to associate with his son, then the district court will need to tailor any sentencing conditions to infringe that right no more than reasonably necessary.

Accordingly, we **VACATE IN PART** and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk