19-216-cr
*United States v. DeCapua*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand twenty.

PRESENT:   DENNIS JACOBS,
           DENNY CHIN,
           JOSEPH F. BIANCO,
                 *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                 *Appellee*,

           -v-                                      19-216-cr

BRANDON A. DECAPUA, AKA BRANDON
DE CAPUA,
                 *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                     TIFFANY H. LEE, Assistant United
                                  States Attorney, *for* James P. Kennedy,
                                  Jr., United States Attorney for the

Western District of New York, Rochester, New York.

FOR DEFENDANT-APPELLANT:                    JAY S. OVSIOVITCH, Assistant Federal Defender, *for* Marianne Mariano, Federal Public Defender for the Western District of New York, Rochester, New York.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Brandon A. DeCapua appeals from a judgment of the district court entered January 18, 2019 sentencing him to eleven months' imprisonment and eight years' supervised release for violating the terms of his supervised release.  On appeal, DeCapua challenges two conditions of his supervised release: (1) the requirement that he pay the cost of computer monitoring and (2) the standing notification-of-risk order promulgated by the United States District Court for the Western District of New York (the "WDNY").  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

DeCapua was convicted on November 6, 2009 of knowingly possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and sentenced to ten years' imprisonment to be followed by ten years' supervised release.  One special condition of

-2-

DeCapua's supervised release required him to disclose to the United States Probation Office ("Probation") any computer device he used during the term of his supervision. Under that condition, Probation was authorized -- but not required -- to monitor any computer or connected device he owns or operates, and it noted that DeCapua "may be required to pay the cost of the monitoring services." J. App'x at 16.

After being released from prison, DeCapua violated the computer monitoring condition by possessing an unmonitored device. His supervised release was revoked, and he was sentenced to six months' imprisonment followed by a new ten-year term of supervised release. On September 10, 2018, after DeCapua's second stint in prison and while he was on supervised release and subject to the same special conditions, Probation once again caught DeCapua with a computer device that he had not disclosed.

At a hearing on December 20, 2018, DeCapua admitted to this violation. At sentencing on January 14, 2019, DeCapua asked the district court to remove the portion of the computer monitoring condition whereby he might be required to pay for the monitoring. In support of this argument, DeCapua's counsel stated she "believe[s]" the payment requirement "may have been part of the issue in this case" and "think[s]" keeping the condition would prevent DeCapua from owning a phone. J. App'x at 36. Probation weighed in, noting that DeCapua's phone is provided for free by "Social Services" and that the monitoring costs $1 per day. J. App'x at 37. DeCapua's counsel

did not present any evidence of DeCapua's indigency, much less that he could not afford the $1 per day in monitoring costs.

The district court kept the payment portion of the monitoring condition "in light of [DeCapua's] history with repeat violations and the fact that the payment does not seem to be terrifically onerous." J. App'x at 37. DeCapua was sentenced to eleven months' imprisonment and eight years' supervised release. According to the Federal Bureau of Prisons inmate locator tool, DeCapua was released on August 30, 2019.

## 1. *Computer-Monitoring Payment Condition*

We have never determined whether a condition of supervised release that requires an indigent defendant to pay for computer monitoring and thereby prevents that defendant from accessing the internet is constitutional. We need not, however, make that determination here. First, DeCapua did not argue to the district court that computer monitoring would cost more than $1 per day or that being required to pay $1 per day would prevent him from accessing the internet. Accordingly, those arguments are waived. *In re Nortel Networks Corp. Sec. Litig.*, 539 F.3d 129, 133 (2d Cir. 2008) (declining to consider a waived argument when party provided "no reason for their failure to raise the arguments below"). Second, because DeCapua is free to apply to the

district court to modify his conditions of supervised release at any time, our decision

does not leave him without a remedy.[1]

**2.      *Notification-of-Risk Condition***

DeCapua argues that the standing notification-of-risk condition -- which is

the operative notification-of-risk condition for his supervised release -- improperly

delegates authority to his probation officer.  In *United States v. Peterson*, we vacated a

supervised release condition that gave Probation the discretion to decide whether to

alert a defendant's employer of an offense or conviction.  248 F.3d 79, 86 (2d Cir. 2001).

More recently, we struck down a notification-of-risk condition that was "vague and

afford[ed] too much discretion to the probation officer."  *United States v. Boles*, 914 F.3d

95, 111 (2d Cir.), *cert. denied*, 139 S. Ct. 2659 (2019).  In particular, we found that the

condition at issue in *Boles* gave Probation "unfettered discretion with respect to the

notification requirement," and we instructed the district court to "clarify the scope" of

the condition.  *Id.* at 112.  In response, the WDNY issued an amended standing order on

March 22, 2019 that replaced all notification-of-risk conditions for defendants in the

district with the following language:

---

[1]      We note, however, that on the record before us today, there is insufficient evidence to determine that DeCapua's First Amendment right has been violated.  The condition at issue does not require DeCapua to pay the cost of monitoring, as the condition merely states that Probation is authorized to monitor his computer and that he "*may* be required to pay."  J. App'x at 16 (emphasis added).  Second, DeCapua, who was released from prison in August 2019 and who filed his reply brief in this action in September 2019, has not indicated that he has, in fact, been required to pay the cost of monitoring or that such an imposition has, in fact, prevented him from exercising his First Amendment rights.

> If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

*In Re: United States v. Boles*, Amended Standing Order, (W.D.N.Y. Mar. 22, 2019), https://www.nywd.uscourts.gov/sites/nywd/files/PTPR-2019-AmendedBolesStandOrd.pdf.

Because the applicable notification-of-risk condition of supervised release only contemplates that DeCapua "may" be required to notify a third party about the risk he poses and he has not yet been required to do so, his challenge is unripe. *See United States v. Traficante*, No. 18-1962, 2020 WL 4032220, at *5 (2d Cir. July 17, 2020) ("And while it could be argued that the standing order contemplates vesting the probation officer with a degree of discretion that is inconsistent with our holding in *Boles*, such a challenge would . . . be unripe, since the ostensibly improper delegation may never actually occur."). Accordingly, we decline to reach DeCapua's delegation challenge.

*       *       *

We have considered DeCapua's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk