378

**UNITED STATES of America,**
**Appellee,**

v.

**Paul KIEFFER, Defendant–Appellant.**

**United States of America, Appellee,**

v.

**Shawn E. Seifert, Defendant–Appellant.**

**Nos. 05–3673–cr, 06–4629–cr.**

United States Court of Appeals,
Second Circuit.

Dec. 11, 2007.

Jay S. Ovsiovitch (Robert G. Smith, on the brief), Federal Public Defender's Office, Western District of New York, Rochester, NY, for Defendants–Appellants.

Joseph J. Karaszewski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Buffalo, NY, for Appellee.

PRESENT: Hon. AMALYA L. KEARSE, Hon. CHESTER J. STRAUB and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendants–Appellants Paul Kieffer and Shawn E. Seifert appeal from judgments of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*). Kieffer was sentenced on a guilty plea principally to 168 months' imprisonment for one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and the judgment was entered on June 22, 2005. Seifert was sentenced on a guilty plea principally to 210 months' imprisonment for one count of knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2) and the judgment was entered on September 26, 2006 and amended and entered on October 12, 2006. We heard Kieffer's and Seifert's appeals in tandem and consolidate them for disposition. We assume the parties' familiarity with the balance of the facts and procedural history. For the following reasons, both cases are remanded for clarification of the special condition of supervised release, which, as memorialized for both defendants, prohibits them from "being on any school grounds, child care center, playground, park, recreational facility, or any area in which children are likely to congregate. Exceptions are to be pre-approved by the U.S. Probation Office."

## I. Seifert's Challenge to the Amended Judgment

■ As a preliminary matter, Seifert challenges the amended judgment entered on October 12, 2006 under which the District Court amended the special condition on release purportedly pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure. The government concedes that the District Court was without juris-diction to amend the judgment as such and concedes that it must be remanded for this reason.

The special condition in the original judgment prohibited Seifert from "being on any school grounds, child care center, playground, park, recreational facility, or any area in which children are likely to congregate, except as pre-approved by Probation." The amended special condition states that "defendant shall avoid all areas where it is likely that children may congregate, such as playgrounds, theme parks, arcades, recreational facilities and recreational parks unless prior approval has been obtained from the U.S. Probation Office."

Rule 35(a) did not provide the District Court with authority to enter this amendment. Rule 35(a) provides that "[w]ithin 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed.R.Crim.P. 35(a). The Rule "authorizes correction 'only [of] ... obvious error[s],' and was not meant to allow the district court 'to reopen issues previously resolved at the sentencing hearing through the exercise of the court's discretion with regard to the application of the sentencing guidelines,' or 'to reconsider the application or interpretation of the sentencing guidelines,' or 'simply to change its mind about the appropriateness of the sentence.'" *United States v. DeMartino*, 112 F.3d 75, 79 (2d Cir.1997) (quoting Fed. R.Crim.P. 35 advisory committee's note (1991)).

Rule 36 also did not provide authority for the amendment to Seifert's judgment. Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed.

R.Crim.P. 36. Rule 36 allows a court to fix a clerical error in the written judgment, not to amend the oral judgment "to effectuate an intention that the court did not express in its oral sentence." *DeMartino,* 112 F.3d at 79 (citing *United States v. Werber,* 51 F.3d 342, 343, 347 (2d Cir. 1995)).

"[I]t is the oral sentence which constitutes the judgment of the court, and which is authority for the execution of the court's sentence. The written commitment order is mere evidence of such authority." *Werber,* 51 F.3d at 347 (internal quotation marks omitted); *see also United States v. Rosario,* 386 F.3d 166, 168 (2d Cir.2004) ("in the event of variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls"). Thus, the amended special condition is of no effect, and we decline to reach the question of whether, as amended, Seifert's special condition is vague or overbroad.

## II. Seifert's and Kieffer's Challenges to the Special Condition

Seifert's original special condition and the special condition from which Kieffer appeals are essentially identical.[1] Both Seifert and Kieffer argue that the condition is not reasonably related to the purposes of their sentences because (1) it may be read to keep them away from locations where children do not congregate and (2) prohibiting defendants from entering any place "in which children are likely to congregate" provides no guidance and hence essentially prohibits them from going anywhere outside their homes without permission from the Probation Office. The government concedes that both conditions must be remanded to the District Court for clarification.

The district court has discretion to set supervised release conditions "to the extent that such [a] condition ... is reasonably related to the factors set forth in [18 U.S.C. § ] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)[, and] involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. §§ 3583(d)(1) and (2). We review a district court's imposition of supervised release conditions for abuse of discretion. *United States v. Peterson,* 248 F.3d 79, 82 (2d Cir.2001) (per curiam). However, we "carefully scrutinize unusual and severe conditions, and ... a district court would necessarily abuse its discretion if it based its ruling on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (citation and internal quotations marks omitted).

■ As to defendants' first argument, in *Peterson,* we remanded an identical condition for clarification because we could not determine from the language of the condition "whether the clause in which children are likely to congregate" applied only to "any area," or to the other places listed. *Id.* In particular, we could not say whether the prohibition applied "only to parks and recreational facilities in which children congregate, or whether it would bar the defendant from visiting Yellowstone National Park or joining an adult gym." *Id.* at 86. As the condition challenged here is essentially identical, we must again remand for clarification. *Id.*

The only difference between the present condition and the one in *Peterson* is that the one challenged here has an extra clause permitting defendants to be in the

---

1. Kieffer's special condition prohibits him "from being around any school grounds, child care centers, playgrounds, parks, recreational facilities or any area in which children are likely to congregate. Exceptions are to be preapproved by the probation office."

specified areas, if they receive pre-approval from the Probation Office. This provision does not cure the defect, however, because making defendants' liberty contingent on the discretion of the probation office constitutes an impermissible delegation of judicial power. *Id.* at 85 (observing that while leaving the selection of a therapy provider and schedule to the probation officer would not be impermissible, leaving "the issue of the defendant's participation in therapy to the discretion of the probation officer" would "constitute an impermissible delegation of judicial authority"); *see also Farrell v. Burke,* 449 F.3d 470, 488 (2d Cir.2006) (rejecting the government's argument that any vagueness in the term "pornography" was cured by the probation officer's authority to interpret the restriction because the delegation created "a real danger that the prohibition on pornography may ultimately translate to a prohibition on whatever the officer personally finds titillating" (internal quotation marks omitted)). We have said a judge *may not* bar defendants from those places where children do not congregate, *see Peterson,* 248 F.3d at 86; thus, it is an impermissible delegation to allow a probation officer the discretion to determine whether defendants can go to those places.

Seifert's and Kieffer's second argument is that the condition's prohibition against being in places "children are likely to congregate" fails to give them enough guidance as children are likely to congregate in almost any locale. "The Due Process clause requires that [c]onditions of supervised release ... give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. However, conditions need not be cast in letters six feet high, or

... describe every possible permutation, or ... spell out every last, self-evident detail. Conditions ... may afford fair warning even if they are not precise to the point of pedantry." *United States v. Johnson,* 446 F.3d 272, 280 (2d Cir.2006) (citations and internal quotation marks omitted) (omissions in original); *see also United States v. Simmons,* 343 F.3d 72, 81–82 (2d Cir.2003).

In *Peterson,* we noted that the district court did not abuse its discretion in imposing a condition which restricts a defendant's ability to visit places where "children are likely to congregate." *Peterson,* 248 F.3d at 86. However, we held that the "condition as written"—again, almost identical to the one at issue here—was "ambiguous and, depending on its meaning, excessively broad." *Id.* We explained that in light of the defendant's history, "the court had justification to impose a condition of probation that prohibits the defendant from being at educational and recreational facilities where children congregate" so long as it did not also "forbid the defendant from being at parks and educational or recreational facilities where children do not congregate." *Id.* Accordingly, we remanded *Peterson* for clarification in light of the principle that there is no justification for prohibiting defendant from being in places where children do not congregate. As these cases are substantively identical to *Peterson,* remand likewise is required and we need not address whether a condition that merely bars defendants from being places where children are likely to congregate is overly broad or too vague. However, we note again that such a condition would not be justified if it bars defendants from being places where children do not congregate.[2]

---

2. Despite the similarities of this case to *Peterson,* we note that after remand there was neither a district court opinion nor another appeal on this issue. Thus, we can gather no further guidance from *Peterson* as to what an appropriate special condition would be and that question remains open.

Finally, we note that 18 U.S.C. § 3583(e)(2) authorizes district courts to "modify, reduce, or enlarge the conditions of supervised release." 18 U.S.C. § 3583(e)(2). In modifying such conditions, the court is empowered to consider the same factors governing the original sentence, including, "the nature and circumstances of the offense and the history and characteristics of the defendant," *id.* § 3553(a)(1), and the need to "afford adequate deterrence to [future] criminal conduct," *id.* § 3553(a)(2)(B), "protect the public," *id.* § 3553(a)(2)(C), and provide the defendant with "correctional treatment," *id.* § 3553(a)(2)(D). *See id.* § 3583(e). On the occasion of defendants' releases or at any time before the expiration or termination of the supervised release term, *see id.* § 3583(e)(2), should these factors have changed in such a way as to reduce or ameliorate the need for this special condition, the pertinent defendant may challenge the condition under § 3583(e)(2), *see, e.g., United States v. Myers,* 426 F.3d 117, 129 (2d Cir.2005) (noting that "[f]acts and relationships may change over the years" and that "the district court may wish to re-examine the special conditions at a time closer to [defendant's] release, when more facts will be clear").

For these reasons, the amended judgment entered for Seifert is of no effect and we REMAND the sentences of the District Court for the entry of amended judgments clarifying the challenged special conditions in a manner not inconsistent with this order.