RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0090p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

UNITED STATES OF AMERICA,
　　　　　　　　　*Plaintiff-Appellee,*

　　　*v.*

RASHAN ROBERT DOYLE,
　　　　　　　　　*Defendant-Appellant.*

No. 12-5516

>

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 2:11-cr-20247-1—Jon Phipps McCalla, Chief District Judge.

Decided and Filed: April 3, 2013

Before: KEITH, MARTIN, and COLE, Circuit Judges.

_____

## COUNSEL

_____

**ON BRIEF:** Needum L. Germany, III, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Debra L. Ireland, THE UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

_____

## OPINION

_____

BOYCE F. MARTIN, Jr., Circuit Judge. After moving to Tennessee, Rashan Doyle was charged with failure to register as a sex offender, in violation of 18 U.S.C. section 2250(a), to which he pleaded guilty without a plea agreement. The district court sentenced Doyle to three years and one month in prison followed by ten years of supervised release, upon which the district court imposed four special conditions, numbered three, four, six and eight. Doyle appeals the district court's imposition of these four special conditions of supervised release. Because the district court erred procedurally by failing to explain its reasons for imposing the special conditions, and

1

because the record does not otherwise illuminate the reasons for them, we **VACATE** the district court's imposition of the special conditions of supervised release and **REMAND** for resentencing proceedings consistent with this opinion.

We take the facts of this case from Doyle's Presentence Investigation Report because he did not object to its contents at the sentencing hearing. *United States v. Vonner*, 516 F.3d 382, 384-85 (6th Cir. 2008) (citing *United States v. Adkins*, 429 F.3d 631, 632-33 (6th Cir. 2005)). According to the Report, Doyle was convicted in New York state court of attempted sexual abuse in the first degree and sentenced to six months' incarceration and ten years' probation. As a result of this qualifying felony conviction, the Sex Offender Registration and Notification Act and New York state laws required Doyle to register as a Tier III sex offender and to notify the registry of changes of address for home, school and work. If Doyle left New York state, he had to notify the registry of his departure and then register in the state to which he moved.

Doyle moved to Tennessee and failed to register. The Presentence Report, applying the 2011 Sentencing Guidelines Manual, calculated Doyle's base offense level as sixteen, because Doyle was a Tier III offender who failed to register as required. Because Doyle accepted responsibility for failing to register, the Presentence Report recommended reducing the total offense level to thirteen, noting that this full reduction could only be granted upon a formal motion by the government at the time of Doyle's sentencing. Based on Doyle's extensive criminal history, the Report gave him a criminal history category of VI, which, combined with his total offense level, resulted in a guideline imprisonment range of two years and nine months, on the low end, to three years and five months, on the high end. The Report also recommended that Doyle be under supervised release for not less than five years. U.S.S.G. § 5D1.2. Worksheet A, part of the Presentence Report, listed the special conditions of supervised release that the district court imposed at the sentencing hearing and which Doyle now challenges.

Condition number three forbids Doyle from possessing any pornography, even legal pornography. The district court stated that Doyle was "[n]ot to possess any child pornography–or any pornography at all, child or adult pornography."

Condition number four states that Doyle may not have any direct or indirect contact with any child under the age of eighteen, shall not reside with any child under the age of eighteen, and shall not loiter near school yards, playgrounds, swimming pools, arcades or other places frequented by children.

Condition number six states that Doyle shall not use sexually-oriented telephone numbers or computer services.

Finally, Condition number eight states that Doyle shall not possess or use a computer with access to any "on-line service" or other forms of wireless communication at any location (including employment) without the prior approval of the Probation Officer. This includes an Internet Service Provider, bulletin board system or any other public or private network or email system.

Doyle and the government both agree that plain-error review applies in this case. At the sentencing hearing, Doyle did not object to any of these special conditions of his supervised release. The district court asked Doyle's counsel if he had "any objections not previously raised?" Doyle's counsel responded "No objections, Your Honor." Because Doyle's counsel did not object during the sentencing hearing to the special conditions of supervised release that he now challenges on appeal, we must review his challenges under the plain-error standard. *United States v. Inman*, 666 F.3d 1001, 1003 (6th Cir. 2012) (per curiam) (citing *United States v. Kingsley*, 241 F.3d 828, 835 (6th Cir. 2001)).

To establish that the district court committed plain error in imposing conditions of supervised release, Doyle must establish four elements: (1) that the district court committed an error; (2) that the error was obvious or clear; (3) that the error affected Doyle's substantial rights; and (4) that the error affected the fairness, integrity, or public reputation of his judicial proceedings. *Inman*, 666 F.3d at 1003-04 (6th Cir. 2012) (citing *United States v. Gunter*, 620 F.3d 642, 645 (6th Cir. 2010)).

First, we must figure out whether the district court committed an error in imposing the special conditions of supervised release. When imposing special

conditions of supervised release, a district court may err procedurally or substantively. *United States v. Carter*, 463 F.3d 526, 528 (6th Cir. 2006). Procedurally, a district court errs if it fails, at the time of sentencing, to state in open court its rationale for mandating a special condition of supervised release. *Id.* at 528-29. (citing *Kingsley*, 241 F.3d at 836 (quoting 18 U.S.C. § 3553(c)) (quotation marks, footnote, and rest of citation omitted).

Here, the sentencing hearing transcript shows that the district court erred procedurally by failing to explain, at the time of sentencing, its reasons for imposing any of the special conditions of supervised release that Doyle now challenges.

The sentencing hearing transcript shows that the district court did not explain why it was imposing condition number three, forbidding Doyle from possessing any adult pornography; instead, the district court merely stated that Doyle must " . . . obviously, not possess pornography, period[,]" before adding that although the case was not "about pornography," it was "about failing to register and being a sex offender," and stating "we certainly don't want to trigger those problems, so we're going to try to deal with those." This does not amount to an explanation because neither the offense for which Doyle was being sentenced–failure to register as a sex offender–nor the previous offense which subjected him to the registration requirement–attempted sexual abuse in the first degree–involved Doyle's use or distribution of pornography. Therefore, the district court erred procedurally in failing to explain, at the time of sentencing, why it imposed the special condition of supervised release prohibiting Doyle from possessing pornography.

Nor did the district court explain why it imposed condition number four, preventing Doyle from having direct or indirect contact with any children under the age of eighteen. The district court merely recited that Doyle may not have any direct or indirect contact with any child under the age of eighteen, shall not reside with any child under the age of eighteen, and shall not loiter near school yards, playgrounds, swimming pools, arcades or other places frequented by children. The district court failed to explain its reasoning for applying this special condition of supervised release. Therefore, the

district court erred procedurally in failing to explain its reasoning for applying this special condition of supervised release.

Similarly, the district court offered no explanation on the record for why it imposed condition number six, that Doyle not use sexually-oriented telephone numbers or computer services. Nor did the district court explain why, as condition number eight of his supervised release states, it was forbidding Doyle from possessing or using a computer with access to any on-line service or other forms of wireless communication at any location–including at a job–without getting approval beforehand from the Probation Officer.

Given that the district court erred procedurally by failing to explain its reasons for imposing any of the special conditions, we must now determine whether this error was clear or obvious. *Inman*, 666 F.3d at 1006 (citing *Gunter*, 620 F.3d at 645). Our cases require a district court to state in open court at the time of sentencing its reasons for mandating special conditions of supervised release. *Id.* (quoting *United States v. Brogdon*, 503 F.3d 555, 563 (6th Cir. 2007)) (quotation marks and parenthetical omitted). Here, because the district court failed to explain any of its reasons as our cases require, we conclude that the district court clearly erred.

Even if the district court fails, as it did here, to explain at the time of sentencing, its reasons for imposing a special condition of supervised release, if the record clearly shows why the district court imposed the conditions that it did, then the district court's failure to explain its reasons for imposing special conditions of supervised release will amount to harmless error, making a remand unnecessary. *United States v. Berridge*, 74 F.3d 113, 119 (6th Cir. 1996).

For example, in *Berridge*, the defendant had pleaded guilty to making false statements on a loan application while he was working for a bank. *Id.* at 114. On appeal, the defendant challenged the district court's imposition of a special condition of supervised release that prevented him from getting a job in the banking industry. *Id.* at 118. Specifically, he argued that the district court erred in failing to state, on the record at the sentencing hearing, the reasons for this special condition of supervised release

barring him from working for a bank during his probation.  Despite the district court's failure to explain its reasoning for applying this special condition, we affirmed, explaining that we must uphold conditions of supervised release or probation if they are reasonably related to the twin goals of probation: rehabilitation of the defendant, and the protection of the public.  *Id.* (citing *United States v. Bortels*, 962 F.2d 558, 560 (6th Cir. 1992) (citation omitted).  We further explained that, although the district court failed to state its reasons on the record, this failure constituted harmless error and did not require us to remand the case because the reason for imposing this employment restriction on the defendant were "quite clear" from the record–the restriction would assist him in avoiding the conditions that led him to commit the crime for which he was sentenced.  *Id.* at 119.

Here, in contrast to *Berridge*, the record does not clarify how conditions three, four, six, and eight reasonably relate to the twin goals of probation– rehabilitation of the defendant and the protection of the public.  Forbidding Doyle from possessing any pornography or calling a sexually-oriented phone number or service does not reasonably relate to the offense for which he was sentenced: failure to register as a sex offender.  To be sure, forbidding Doyle from possessing pornography, or calling a phone-sex number, might aid Doyle's rehabilitation if he had pleaded guilty to, for example, distribution of child pornography as the defendant did in *United States v. Lantz*, 443 F. App'x 135, 137 (6th Cir. 2011).  In *Lantz*, the panel did not find plain error in the district court's imposing the special condition that the defendant not possess any pornography.  *Id.* at 141.  But in *Lantz* the defendant pleaded guilty to one count of transporting child pornography.  *Id.* at 137.  Therefore, the special condition related to the nature and circumstance of the offense.

In contrast to *Lantz*, here the underlying offense–failure to register as a sex offender–for which the special conditions applied, did not involve pornography of any kind.  Therefore, the conditions that Doyle not possess pornography nor call a phone-sex line do not relate to the offense of failing to register as a sex offender.  Nor  does the

record show that Doyle, if allowed either to possess legal, adult pornography, or to call a phone-sex line, would pose a threat to public safety.

Likewise, the record does not contain sufficient evidence to support the portion of condition number four that bars Doyle from having any direct or indirect contact with *any* child under the age of eighteen or from residing with *any* children under the age of eighteen. Doyle conceded in his brief that his prior conviction for attempted sexual abuse does justify the part of the condition preventing him from loitering near school yards, playgrounds, swimming pools, arcades or other places frequented by children. Doyle also conceded that his prior conviction would justify a condition preventing him from having contact with children to whom he is not related, or a condition limiting Doyle to supervised contact with children. But, Doyle argues, condition number four goes too far because it prevents him from having any contact with his own four biological children. We agree; the record does not justify applying special condition four to Doyle's own children.

Lastly, the record does not support condition number eight's banning Doyle from using the internet. Again, banning Doyle from using the internet cannot have a rehabilitative effect because the crime for which Doyle was convicted did not involve the use of the internet, and the record does not show why banning him from internet use, without a probation officer's prior approval, relates to rehabilitating Doyle nor to protecting the public.

We thus conclude that neither the district court's own words explain, nor does the record as a whole illuminate, any reasons for imposing the special conditions that Doyle challenges.

Under plain-error review, we must next examine whether the district court's error in failing to explain its reasons for applying the special conditions of supervised release affected Doyle's substantive rights. *Inman*, 666 F.3d at 1006 (citing *Gunter*, 620 F.3d at 645). To affect Doyle's substantive rights, the error must have prejudiced him, and Doyle has the burden of persuasion to make a specific showing of prejudice. *United States v. Jones*, 108 F.3d 668, 672 (6th Cir. 1997) (citing *United States v. Olano*, 507

U.S. 725, 734-35 (1993)) (parallel citation omitted).  To affect a defendant's substantive rights or prejudice him, the district court's failure to explain its reasons for the special conditions of supervised release must have affected the outcome of the district court proceedings.  *Inman*, 666 F.3d at 1006 (citing *Olano*, 507 U.S. at 734) (parallel citations, parenthetical and footnote omitted).

*Olano* expanded upon the meaning of "affected the outcome of the district court proceedings" by referring to three of the Court's prior cases.  *Olano*, 507 U.S. at 734 (providing *see* signal for *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255-57; *United States v. Lane*, 474 U.S. 438, 454-64 (1986) (Brennan, J., concurring in part and dissenting in part); and *Kotteakos v. United States*, 328 U.S. 750, 758-65 (1946) (parallel citations omitted)).  *Bank of Nova Scotia* held that an error affects the outcome of the district court proceeding where it "*may* have had 'substantial influence' on the outcome of the proceeding."  *Bank of Nova Scotia*, 487 U.S. at 256 (emphasis added) (quoting *Kotteakos*, 328 U.S. at 765) (parallel citations omitted).  Therefore, a district court's error affects a defendant's substantial rights where the error affected the outcome of the district court proceedings, insofar as the error *may* have had a substantial influence on the outcome of the proceedings.

We have held that "[s]entencing errors [affect the outcome of a district court proceeding] where there is a reasonable likelihood the errors impacted the sentence."  *Inman*, 666 F.3d at 1006 (providing *see* signal for *United States v. Abbouchi*, 502 F.3d 850, 858 (9th Cir. 2007) (parenthetical and rest of citation omitted).  *Inman* quoted approvingly a First Circuit case holding that a district court's failure to explain its rationale for imposing special conditions of supervised release affects the outcome of the district court proceedings because there is a reasonable probability that the district court might not have imposed the condition if it had fulfilled its obligation to explain the basis for the special condition–or at least had made sure that the record showed the basis for it.  *Id.* (quoting *United States v. Perazza-Mercado*, 553 F.3d 65, 79 (1st Cir. 2009)).  Therefore, we held in *Inman* that the district court's failure to explain the reasons for the special conditions of supervised release affected Inman's substantive rights.  *Id.*

Here, the record before us allows Doyle to meet his burden. The district court's failure to explain its rationale for imposing any of the special conditions of supervised release may have had a substantial influence on the outcome of the proceedings. Given the lack of any explanation for the imposition of the special conditions, and given the absence of any evidence in the record allowing us to infer the basis for the special conditions, there is a reasonable probability that the court may not have imposed the special conditions if it had fulfilled its obligation to explain the basis for the conditions or at least made sure that the record illuminated the basis for the conditions. Here, as in *Inman*, the district court might not have imposed the special conditions of supervised release if it had explained the basis for these conditions. Therefore, we conclude that the district court's failure to explain its reasoning affected Doyle's substantial rights.

Finally, under plain error review, we must determine whether the district court's error seriously affected the fairness, integrity, or public reputation of the judicial proceedings. *Inman*, 666 F.3d at 1006 (citing *Gunter*, 620 F.3d at 645). We have held that a sentencing error leading to a more severe sentence diminished the integrity and public reputation of the judicial system as well as diminished the fairness of the criminal sentencing system. *Id.* (quoting *United States v. Oliver*, 397 F.3d 369, 380 (6th Cir. 2005)) (quotation marks and rest of citation omitted). In *Inman*, we held that, because both the length of supervised release (lifetime) and the conditions imposed were likely more severe than if the district court had followed the correct procedures by explaining why it imposed the special conditions, the district court's errors seriously affected the fairness, integrity, or public reputation of the proceedings. *Id.* at 1007.

Here, although the length of the term of supervised release is not an issue, the conditions themselves, as in *Inman*, did affect the fairness, integrity, or public reputation of the proceedings because these conditions were likely more severe than the ones the district court would have imposed had it fulfilled its obligation to explain its reasoning for imposing any special conditions.

In conclusion, both the district court's procedural error in failing to explain its reasons for these conditions, and the record's failure to illuminate their appropriateness,

require us to vacate special conditions three, four, six and eight, and to remand this case. Because we remand based upon the district court's clear error in failing to explain (or otherwise put on the record) its reasoning for imposing the special conditions of supervised release, we do not reach Doyle's constitutional arguments about the special conditions. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445-46 (1988) ("A fundamental and longstanding principal of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.") (citations omitted).

If, in resentencing Doyle, the district court does apply special conditions of supervised release, we emphasize that "[s]upervised release conditions must be tailored to the specific case before the court." *Inman*, 666 F.3d at 1005. We also emphasize that, as the Court has held, "Congress intended supervised release to assist individuals in their transition to community life." *United States v. Johnson*, 529 U.S. 53, 58 (2000). In contrast to prison, "[s]upervised release fulfills rehabilitative ends, distinct from those served by incarceration." *Id.* (providing *see* signal for 18 U.S.C.A. § 3553(a)(2)(D)) (rest of citation omitted).

For the foregoing reasons, we **VACATE** special conditions numbers three, four, six and eight of Doyle's supervised release and we **REMAND** for resentencing proceedings consistent with this opinion.