**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 13a1050n.06**

**No. 12-5921**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Dec 26, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| BRYAN GARY ARNOLD, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: DAUGHTREY, KETHLEDGE, and DONALD, Circuit Judges.

MARTHA CRAIG DAUGHTREY, Circuit Judge. The defendant, Bryan Gary Arnold, pleaded guilty to failing to register with authorities as a sex offender, as he was required to do pursuant to the provisions of SORNA, the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250. Following the defendant's plea and conviction, the district court sentenced Arnold to 33 months in prison, to be followed by placement on supervised release for life subject to multiple conditions. Arnold now argues that two of those conditions – one restricting the defendant's association with children under 18 years of age and another banning possession of materials that he may use "for the purpose of deviant sexual arousal" – are unconstitutionally overbroad or vague. He also insists that the provision in one of the special conditions of supervised release that allows his probation officer to determine when he may associate with minors constitutes an improper delegation of judicial authority to an employee of the executive branch.

All the issues raised by Arnold in this appeal were addressed by another panel of this court in the recently published decision in *United States v. Shultz*, 733 F.3d 616 (6th Cir. 2013). The resolutions reached by the panel in that case are binding on us, absent a reversal of that decision by this court sitting *en banc* or by the United States Supreme Court. *See, e.g.*, *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985). Consequently, for the reasons set out in *Shultz*, we find no merit to the challenges raised by defendant Arnold and, therefore, affirm the conditions of his supervised release.

## FACTUAL AND PROCEDURAL BACKGROUND

Arnold was a registered sex offender in the state of Tennessee as a result of a prior conviction for the statutory rape of a 13-year old girl, a crime the defendant committed when he was 23 years old. He later was convicted of an aggravated assault after repeatedly ramming a vehicle occupied by his girlfriend and another individual. While free on bond awaiting sentencing for that latter crime, Arnold fled the state and remained undetected by authorities for approximately four months until he was arrested in Rio Rancho, New Mexico, by the United States Marshals Service and local New Mexico police. After being returned to Tennessee, the defendant was charged with failing to register as a sex offender in New Mexico and failing to provide Tennessee and New Mexico authorities with notice of his change of residence.

Arnold pleaded guilty to the one-count indictment and was sentenced to 33 months in prison and a term of life on supervised release. At the sentencing hearing, the district court justified those

sentences by referencing Arnold's "history of violent behavior" that included 1989 convictions for

assault and battery and kidnapping, a 1991 conviction for aggravated burglary, 1994 convictions for

kidnapping and aggravated burglary, a 1997 conviction for statutory rape, and the 2010 conviction

for the aggravated assault on his girlfriend and the other person in the vehicle with her. The district

court also noted that in 2010, Arnold was arrested and charged with eight counts of sexual

exploitation of minors stemming from allegations that he had "suppl[ied] alcohol and marijuana to

two young girls, ages approximately 16 and 17. The defendant then took photographs of the young

girls engaged in sexual acts with each other and him." Based upon that history and the still-pending

sexual-exploitation charges, the district court concluded that the total sentence imposed was

necessary in light of "the seriousness of [Arnold's] prior conduct, the escalating nature of the

violence employed in those criminal offenses, the very clear need to protect the public, [and] the

very clear need to afford a deterrent and to instill respect for the law."

In addition to the usual conditions of supervised release placed upon convicted felons, the

district court ordered that Arnold comply with the special conditions of supervised release contained

in Rule 83.10 of the Local Rules of the United States District Court for the Eastern District of

Tennessee. Among those special conditions were the following:

> The defendant shall not associate and/or be alone with children under 18 years of
> age, nor shall he/she be at any residence where children under the age of 18 are
> residing, without the prior written approval of the probation officer. In addition, the
> defendant shall not visit, frequent, or remain about any place where children under
> the age of 18 normally congregate (public parks, playgrounds, etc.) or any business
> that caters to and/or targets child customers.

Local Rule 83.10(b)(3).

> The defendant shall not possess any printed photographs, paintings, recorded material, or electronically produced material that he/she may use for the purpose of deviant sexual arousal. Nor shall he/she visit, frequent, or remain about any place where such material is available to him/her for the purpose of deviant sexual arousal.

Local Rule 83.10(b)(5).

At the sentencing hearing, Arnold did not object to the imposition of those special conditions of supervised release. In fact, when asked directly whether "either party [had] any objection to the sentence just pronounced that's not been previously raised," the defendant, through counsel, responded, "No, sir." Nevertheless, Arnold now asks this court on appeal to hold that the two special conditions of supervised release set out above are procedurally and substantively unreasonable.

## DISCUSSION

**Standard of Review**

Both Arnold and the government agree that plain-error review applies in this case because defense counsel failed to object at sentencing to the imposition of the special conditions of supervised release. *See, e.g.*, *United States v. Doyle*, 711 F.3d 729, 732 (6th Cir. 2013). Consequently, before finding that the defendant may succeed on his appellate claims, we must conclude that Arnold established: "(1) an error, (2) that was obvious or clear, (3) that affected his

substantial rights, and (4) that affected the fairness, integrity, or public reputation of his judicial

proceedings." *United States v. Inman*, 666 F.3d 1001, 1003-04 (6th Cir. 2012). Thus, our first duty

is to determine whether the district court committed error in imposing the special conditions of

supervised release.

**Procedural Unreasonableness**

"When imposing special conditions of supervised release, a district court may err

procedurally or substantively. Procedurally, a district court errs if it fails, at the time of sentencing,

to state in open court its rationale for mandating" the special condition. *Doyle*, 711 F.3d at 732-33

(citations omitted). Without question, the district court here failed to detail explicitly the specific

reasons for concluding that Arnold should be subject to the special conditions of supervised release

contained in Local Rules 83.10(b)(3) and (b)(5), despite our holding that "requiring the district court

to adequately state on the record the rationale for the conditions selected aids in assuring that those

chosen are applicable to that particular defendant and thus are more likely to encourage his

rehabilitation." *United States v. Dotson*, 715 F.3d 576, 585 (6th Cir. 2013). Nevertheless, we also

recognized in *United States v. Zobel*, 696 F.3d 558 (6th Cir. 2012), *cert. denied*, 134 S.Ct. 157

(2013), that "[a]lthough a district court must consider the factors specified in 18 U.S.C. § 3583(c)

when imposing a condition of supervised release, a district court's consideration of the [18 U.S.C.]

§ 3553(a) factors sufficient to justify a term of incarceration as procedurally reasonable can also

demonstrate that the imposition of special conditions is procedurally reasonable." *Id.* at 572

(citation omitted). Under such circumstances, "we must uphold conditions of supervised release or

probation if they are reasonably related to the twin goals of probation: rehabilitation of the

defendant, and the protection of the public." *Doyle*, 711 F.3d at 734 (citations omitted).

In this case, the district court engaged in a discussion of the applicable section 3553(a)

factors that justified Arnold's 33-month prison sentence. The district judge stated in open court:

> Beyond that, the court looks to the seriousness of the offense. Now, this is a failure-to-register offense, which in a vacuum could probably be argued not to be among the most serious offenses this court sees[;] I think that's clearly reflected in the Guideline range. Yet, it is a serious offense because there is a very good policy reason why Congress chose to require registration for sex offenders. What makes this offense even more serious is the nature of the underlying convictions here which caused the registration requirement to be imposed in the first place, some very serious offenses with an escalating record of violence here; but it would be hard to argue that the seriousness of the offense is not taken into account.

> I'm also required to consider the need to promote respect for the law and to afford both general and specific deterrence. In a vacuum again, Mr. Arnold, it might in fact be a valid argument to say that neither of those factors are take[n] into account here. I would simply note, however, that you are currently serving what I recall to be a 10-year term of imprisonment in the Tennessee Department of Corrections. In addition to that, there are some pending charges in the Sullivan County Criminal Court, very serious charges for which you may well be prosecuted. It's hard . . . for me to say that the combination of all that doesn't provide a deterrent effect, or doesn't promote respect for the law here.

> I'm also required to consider the need to protect the public. Clearly the public has a right to be protected here. Your conduct is that of a history of violent behavior, beginning with an assault and battery and a kidnapping conviction when you were a juvenile, progressing to aggravated burglaries and kidnapping, the statutory rape that is the underlying offense here, the abduction offense . . . , and then the aggravated assault convictions that I made reference to . . . . Clearly the right of the public to be protected is an important right here.

* * * * *

> So having considered the nature and circumstances of this case, having considered your history and characteristics, as well as the advisory Guideline range which applies to this case, and all the other factors set forth in title 18, United States Code, section 3553(a), and pursuant to the Sentencing Reform Act of 1984, it is the judgment of the court on Count 1 that the defendant, Brian Gary Arnold, is hereby committed to the custody of the Bureau of Prisons to be in prison for a term of 33 months for the reasons previously stated.

In addition, when determining whether to place Arnold on supervised release for life, the district court noted that it again considered "the seriousness of [the defendant's] prior conduct, the escalating nature of the violence employed in those criminal offenses, the very clear need to protect the public, [and] the very clear need to afford a deterrent and to instill respect for the law." Thus, as in *Zobel*, "when the district court discussed the § 3553(a) factors and its reasons for imposing the prison sentence, it was also discussing the reasons for imposing special conditions." *Zobel*, 696 F.3d at 572. Indeed, "[t]hese factors – of which public safety was most prominent – are 'relevant' to the conditions imposed by the district court 'and make the basis of its decision sufficiently clear on the record to permit reasonable appellate review'." *Id.* (quoting *United States v. Presto*, 498 F.3d 415, 419 (6th Cir. 2007)).

Even if we were to find that the district court had erred procedurally in failing to explain specifically its rationale for imposing the various special conditions of supervised release, we would deem the error harmless "if the reasons for imposing a condition [we]re clear from the record." *Dotson*, 715 F.3d at 584 n.4 (citing *United States v. Carter*, 463 F.3d 526, 529 n.2 (6th Cir. 2006)). Because an examination of the entire record in this case illuminates the district court's reasoning in

imposing the special conditions of supervised release, our precedents dictate that any *procedural* error committed by failing to provide explicit justification for their imposition is harmless. Thus, we pretermit discussion of the remaining factors of our plain-error review of the procedural reasonableness of the challenged special conditions and proceed to an examination of the *substantive* reasonableness of those restrictions on Arnold's post-incarceration freedom.

**Substantive Unreasonableness**

A district court may impose a special condition of supervised release only upon a finding that three statutory requirements have been met:

> First, the condition must be "reasonably related to" several sentencing factors. 18 U.S.C. § 3583(d)(1). These factors are "the nature and circumstances of the offense and the history and characteristics of the defendant" and "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D). Second, the condition must "involve[ ] no greater deprivation of liberty than is reasonably necessary for" several sentencing purposes. 18 U.S.C. § 3583(d)(2). These purposes are "to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; and . . . to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the more effective manner." 18 U.S.C. § 3553(a)(2)(B)-(D). Third, the condition must be "consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(3).

*Carter*, 463 F.3d at 529. *See also* U.S. Sentencing Guidelines Manual § 5D1.3(b).

Defendant Arnold argues on appeal that both the special condition banning his association with children younger than 18 years of age and the special condition prohibiting possession of material that he may use "for the purpose of deviant sexual arousal" deprive him of liberty to a degree far greater than reasonably necessary to meet the goals of supervision. He also submits that the conditions are both unconstitutionally vague and overbroad.

### 1. Ban on Association with Children Younger than 18 Years of Age

Arnold claims that the special condition of supervised release contained in Local Rule 83.10(b)(3) is vague because the prohibition does not define the term "associate" and "[w]hen read literally, . . . will prohibit Mr. Arnold from having contact with his own daughter." He also asserts that the condition is overbroad because the allegedly improper delegation of authority to the probation officer would unnecessarily ban the defendant from the homes of friends and family members where children reside, even if the children are not present, as well as from shopping malls, ice cream parlors, miniature-golf courses, high-school football games, movie theaters, and numerous other establishments "that cater[ ] to and/or target[ ] child customers." Local Rule 83.10(b)(3).

The government counters Arnold's arguments first by positing that the challenges to the special conditions are not yet ripe because any prohibitions are dependent upon future determinations by probation officers. Generally, "conditions of supervised release may be ripe for appellate review immediately following their imposition at sentence." *United States v. Lee*, 502 F.3d 447, 449-50 (6th Cir. 2007). In *Lee*, however, we held that a challenge to a special condition

that the defendant "must participate in a specialized sex offender treatment program that may include the use of [a] plethysmograph or polygraph" was not ripe for review because "the condition implicates only the *potential* use of a penile plethysmograph" and because Lee would not be released from prison for 14 years, at which time the probation officer might well determine that such treatment would be unnecessary. *Id.* at 450. By contrast, the bans in this case on association with children younger than 18 years of age and on visiting any establishment catering to child customers are mandatory, not *potential*. Thus, Arnold's challenge is ripe for review. Our decision in *Shultz*, however, dictates that there is no merit to any of the defendant's challenges to the application of Local Rule 83.10(b)(3).

Initially, as did the panel in *Shultz*, we find that it was not plain error for the district court to allow the probation officer to decide when Arnold could interact with children. We recognized in *Shultz* that some of our sister circuits have concluded that special conditions of supervised release like that in Local Rule 83.10(b)(3) violate the dictates of Article III, section 1 of the United States Constitution – the provision that vests all judicial power in the federal courts – by ceding some of that power to probation officers. *Shultz*, 733 F.3d at 621 (citing *United States v. Voelker*, 489 F.3d 139, 154-55 (3d Cir. 2007); *United States v. Kieffer*, 257 F. App'x 378, 381 (2d Cir. 2007) (summary order)). We also noted that other circuits have found no error in allowing probation officers to control certain aspects of an individual's supervised release. *Id.* (citing *United States v. Rodriguez*, 558 F.3d 408, 416 (5th Cir. 2009); *United States v. Mitnick*, 145 F.3d 1342, 1342 n.1 (9th Cir. 1998) (unpublished memorandum opinion)). In light of the existing circuit split and our standard of review

of the issue in this case, any error in the delegation of judicial power to probation officers cannot be considered plain. *See Zobel*, 696 F.3d at 574-75 (reasoning that the existence of a circuit split on an issue precludes a finding of plain error) (citations omitted).

The district court also did not commit plain error in directing the defendant not to "associate" with children younger that 18 years of age. Contrary to Arnold's assertion, the ban on his "association" with children cannot be interpreted to extend to absurd lengths. In *Shultz*, we held that the ban necessarily is limited by the language surrounding the prohibitory wording in the local rule. Thus, only the defendant's physical proximity to children is restricted, and then only to the extent that such "association" is not incidental. *Shultz*, 733 F.3d at 622.

Nor did the district court err in forbidding Arnold to visit, frequent, or remain around certain areas where children normally congregate. *Zobel* upheld such a restriction, noting that because the defendant in that case was convicted of a crime involving the enticement of a minor, the prohibition on visiting certain areas where children gather or play, often without strict adult supervision, "is reasonably related to the goal of public safety." *Zobel*, 696 F.3d at 575; *see also Shultz*, 733 F.3d at 622-23.

Finally, the special condition's ban on association with children does not necessarily infringe upon Arnold's constitutional right to associate with his own child. As we noted in *Shultz*, the defendant "overlooks the reality that he may seek permission from his probation officer to contact or even live with his child[ ]." *Id.* at 623 (citations omitted). Moreover, should the special condition

be applied in such a way as to infringe upon his relationship with his daughter, he may petition the

court to "modify [or] reduce . . . the condition[ ] of supervised release." 18 U.S.C. § 3583(e)(2).

### 2. Ban on Materials Used for the Purpose of Deviant Sexual Arousal

Arnold also challenges the legitimacy of the ban on his possession of any material that he

may use "for the purpose of deviant sexual arousal." He argues that the special condition is both

overbroad (because the ban is not limited to sexually explicit material involving children) and vague

(because the term "deviant" is not defined). Identical arguments were made by defense counsel in

*Shultz*. In fact, Shultz was represented on appeal by the same federal defender who now represents

Arnold, and the text of Arnold's brief understandably adopts wholesale the language of Shultz's

argument. Again, this court's resolution of those issues in *Shultz* controls our review here.

The *Shultz* opinion refused to read the condition at issue as broadly as Shultz, and now

Arnold, suggest. Instead, that panel interpreted the ban on certain materials in a way that related

directly to the defendant's rehabilitation and the protection of the public. So, too, do we:

> As [the defendant] reads the condition, it has no limits, as he might use almost anything – say a description of sex in a science textbook or a photograph of a clothed child – for titillation. That broad reading of the provision might indeed create problems, both under the sentencing statute and the First Amendment. *See Zobel*, 696 F.3d at 575-78.
>
> Yet a fairer, more common sense reading of [the special condition] exists – that it covers only material *designed* (in a reasonably objective sense) to produce deviant sexual arousal. So interpreted, the condition may stand. It is reasonable to prevent [the defendant] from possessing material whose purpose is the provocation of his sexual interest in children.

*Shultz*, 733 F.3d at 625.

Likewise, *Shultz* dispenses with our need to engage in a detailed analysis of Arnold's vagueness challenge to Local Rule 83.10(b)(5). Although acknowledging that an undefined term like "deviant" covers a multitude of concepts, all of which a reasonable defendant might not envision, *Shultz* sidestepped the difficulty "by reading 'deviant' to cover only [the defendant's] interest in child sex." *Id.* Given the identical challenges to this special condition of supervised release here and in *Shultz*, we also are constrained to find no plain error in the imposition of the special condition found in Local Rule 83.10(b)(5) on Arnold. Like the panel in *Shultz*, however, we also suggest to the district court that, in the future, it replace the term "deviant sexual arousal," if used in a special condition of supervised release, with "something more definite, such as 'arousal of sexual interest in children.'" *Id.*

**CONCLUSION**

Although the defendant in *Shultz* was convicted of receiving and possessing child pornography, and Arnold was convicted "merely" of failing to register as a sex offender, the very reason Arnold has been designated a sex offender stems from a prior conviction for statutory rape. Our decision in *Shultz* thus controls our analysis of the issues advanced in this appeal by Arnold. The "law of the circuit" compels us to hold that the district court in this case did not commit plain error in imposing upon the defendant the special conditions of supervised release contained in Rules

83.10(b)(3) and (b)(5) of the Local Rules of the United States District Court for the Eastern District

of Tennessee.  We therefore AFFIRM the judgment of the district court.