14-223-cr
United States v. Wright

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 5th day of February, two thousand fifteen.

Present:    PIERRE N. LEVAL,
            ROSEMARY S. POOLER,
            DENNY CHIN,
                        *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                          14-223-cr

JACK WRIGHT,

                    *Defendant-Appellant*.
_____

Appearing for Appellant:     Yuanchung Lee, Federal Defenders of New York, Inc., Appeals
                             Bureau, New York, N.Y.

Appearing for Appellee:      Micah W.J. Smith, Assistant United States Attorney, (Karl
                             Metzner, Assistant United States Attorney, Preet Bharara, United
                             States Attorney for the Southern District of New York, *on the
                             brief*), New York, N.Y.

        Appeal from the United States District Court for the Southern District of New York
(Cote, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED** in part, **VACATED** in part, and **REMANDED** for further proceedings consistent with this order.

Jack Wright appeals from the judgment of conviction and sentence entered on January 14, 2014 by the United States District Court for the Southern District of New York (Cote, *J.*) following his plea of guilty, in the absence of a plea agreement, to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Wright challenges his within-Guidelines sentence of 70 months' imprisonment followed by three years' supervised release with several special conditions of supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review sentencing decisions, including the imposition of conditions of supervised release, for reasonableness, employing an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Peterson*, 248 F.3d 79, 82 (2d Cir. 2001). "Reasonableness review has both a procedural and a substantive component; it involves 'consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence.'" *United States v. Juwa*, 508 F.3d 694, 698 (2d Cir. 2007) (quoting *United States v. Fernandez*, 443 F.3d 19, 26 (2d Cir. 2006)). A district court commits procedural error if, among other things, "it fails to calculate the Guidelines range (unless omission of the calculation is justified), . . . rests its sentence on a clearly erroneous finding of fact," or "fails adequately to explain its chosen sentence." *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (internal citations omitted). "[T]he abuse-of-discretion standard of review applies to appellate review of all sentencing decisions—whether inside or outside the Guidelines range." *Gall*, 552 U.S. at 49.

The parties both agree that remand is warranted with respect to two of the special conditions of supervised release. Specifically, the district court (1) prohibited Wright from incurring any credit card debt, and (2) ordered Wright to participate in a substance abuse program "[i]f deemed necessary by the probation department."

Because the Government and the Defendant agree that remand is appropriate to allow the district court to reconsider these special conditions, we remand for reconsideration in accordance with the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 22 (2d Cir. 1994). We call the attention of the district court to *United States v. Brown*, 402 F.3d 133, 136–37 (2d Cir. 2005) (vacating credit restriction condition where it was "seemingly unrelated to [Defendant's] offense and circumstances"), and *Peterson*, 248 F.3d at 84–85 (vacating condition requiring mental health counseling "as directed by the U.S. Probation Office" because this "constitute[d] an impermissible delegation of judicial authority to the probation officer"). If the district court decides to retain one or both conditions, it should explain its reasoning. If the court retains either condition, Appellant may restore this appeal by notice to the Clerk of this Court within 30 days of the district court's order. If the district court vacates the conditions, that will terminate the appeal.

In addition, Wright requests that we vacate his sentence in its entirety because he contends the district court improperly relied on an undocketed seven-year old arrest listed in the pre-sentence report ("PSR") in rejecting his request to impose a below-Guidelines sentence. *See*

2

*United States v. Prescott*, 920 F.2d 139, 143 (2d Cir. 1990) ("[A] sentencing court must assure itself that the information upon which it relies when fixing sentence is reliable and accurate."). We reject Wright's argument, finding no support for his contention that the district court relied upon, or even considered, the arrest in fixing his sentence. The district court never alluded to the undocketed arrest either in explaining its reasons for imposing the sentence it selected or in rejecting Wright's request for a below-Guidelines sentence. Rather, all discussion of this issue was in explanation of the court's rejection of Wright's request that the district court strike the arrest from his PSR, or in the alternative, amend the PSR to indicate that he denied involvement in the alleged conduct.

After a thorough and searching review of the record, we find no evidence to support Wright's characterization of the sentencing proceeding, and therefore conclude that there are no "unusual circumstances" warranting reassignment on remand. *See United States v. Robin*, 553 F.2d 8, 9–10 (2d Cir. 1977). We have considered the remainder of Wright's arguments and find them to be without merit. Accordingly, we vacate the two challenged special conditions of supervised release and remand in accordance with the procedures set forth in *Jacobson*, 15 F.3d at 22.

For the foregoing reasons, we AFFIRM in part, VACATE in part, and REMAND the case for further proceedings as consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk