*United States v. Laura Ann Alujayli*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of August, two thousand nineteen.

PRESENT:     JON O. NEWMAN,
             PETER W. HALL,
                   *Circuit Judges*,
             CLAIRE R. KELLY,
                   *Judge.**

_____

United States of America,

        *Appellee*,

        v.                                                  No. 18-449-cr

Laura Ann Alujayli,

        *Defendant-Appellant.*

_____

For Appellant:              John A. Kuchera, Waco, TX

For Appellee:               Susan Corkery, Sarah Evans, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY

*Judge Claire R. Kelly of the United States Court of International Trade, sitting by designation.

Appeal from a judgment and order of the United States District Court for the Eastern District of New York (Irizarry, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the district court are **AFFIRMED.**

In the United States District Court for the Eastern District of New York, Defendant-Appellant Laura Ann Alujayli pleaded guilty to a violation of supervised release ("VOSR"), which she had been serving following an earlier conviction for heroin importation, in violation of 21 U.S.C. § 952(a), in the United States District Court for the Southern District of Florida. Alujayli appeals the February 13, 2018 judgment and order of the district court revoking her supervised release and imposing a sentence of six months imprisonment and a new, three-year term of supervised release for the VOSR. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Alujayli first argues that the district court was without authority to impose a three-year period of supervised release for the VOSR and accordingly committed procedural error. At sentencing, however, Alujayli confirmed that she understood that the district court had authority to impose up to a lifetime of supervised release. Because she did not raise the putative procedural flaw upon which she now appeals, our review is for plain error.[1] "Under plain error review, the court must first find an obvious error that affects substantial rights. Then, the court may use its discretion to correct the error if it seriously affects the fairness, integrity or public reputation of

---

[1] Alujayli contends that we must review *de novo* her challenge to the length of her term of supervised release, citing *United States v. Vera*, 542 F.3d 457, 459 (5th Cir. 2008). This Court, however, has applied plain error review to an unpreserved assertion that the sentence imposed "exceeds the statutory maximum," *see United States v. Rodriguez*, 775 F.3d 533, 536 (2d Cir. 2014), and we abide by that precedent.

judicial proceedings." *United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010) (*per curiam*) (internal citation and quotation marks omitted).

"After revoking a defendant's supervised release, the district court is . . . authorized to impose an additional term of supervised release that does not exceed the maximum term authorized by the underlying offense." *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (*per curiam*) (citing 18 U.S.C. § 3583(h)). The district court must also deduct from the new term of supervised release "any term of imprisonment that was imposed upon revocation of supervised release." 18 U.S.C. § 3583(h). Alujayli argues that because her underlying heroin importation offense carried a maximum 20-year sentence and was therefore a Class C felony, *see* 18 U.S.C. § 3559(a)(3), she was subject to a maximum sentence of two years of supervised release pursuant to § 3583(e)(3) and that the district court was thus required to limit her period of supervision to two years less the six-month period of imprisonment it imposed for the VOSR.

Section 3583(e)(3), however, says no such thing. It establishes limitations on terms of *imprisonment* following the revocation of supervised release for a VOSR—not limitations on terms of supervision. Section 3583(b), by contrast, authorizes a maximum three-year period of supervised release for a Class C felony, "[e]xcept as otherwise provided." 18 U.S.C. § 3583(b)(1). Here, because another provision of law—21 U.S.C. § 960(b)(3)—governs the penalties for Alujayli's importation offense, Section 3583 does not control.

Title 21, Section 960(b)(3) provides in relevant part that "[n]otwithstanding section 3583 of Title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of [a prior final felony drug conviction], impose a term of supervised release of at least 3 years in addition to such term of imprisonment . . . ." 21 U.S.C. § 960(b)(3). Alujayli was thus

subject to a statutory *minimum* three-year period of supervised release if the importation offense was her first felony drug conviction, as confirmed by her Presentence Report in the underlying case. This means that the district court was permitted to impose up to a lifetime of supervised release. *See Brooks*, 889 F.3d at 99 ("We have interpreted the presence of a mandatory minimum term . . . without a maximum, to allow the district court to impose up to lifetime supervised release notwithstanding the limits of section 3583(b)."). Alujayli has therefore not shown error, let alone plain error, in the district court's imposition of a three-year term of supervised release.

Alujayli also challenges four of her special conditions of supervised release as impermissible delegations of judicial authority to the United States Probation Office ("Probation"). While we normally review legal issues related to the imposition of supervised release conditions *de novo* in assessing whether the district court abused its discretion, *see United States v. Young*, 910 F.3d 665, 668 (2d Cir. 2018), Alujayli concedes that our review is for plain error due to her failure to object to these conditions at sentencing. "The power to impose special conditions of supervised release, including participation in a substance abuse program, is vested exclusively in the district court." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). Although the court "may delegate to a probation officer decisionmaking authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule," the court may not delegate "decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *Id.* (citing *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001)).

Alujayli challenges three similar conditions of supervised release, which provide that "the defendant shall," respectively, participate in: (1) an inpatient substance abuse treatment program

for six months; (2) an outpatient substance abuse treatment program following completion of inpatient treatment; and (3) a mental health treatment program—each of which is to be "approved by the U.S. Probation Department." App. 34. Alujayli argues that conferring on Probation the authority to approve each of these treatment programs violated "her right to be sentenced by an Article III judge." Appellant's Br. 12.

This contention is without merit. This is not a situation where the district court "left it 'to the discretion of Probation' to decide whether an inpatient our outpatient program was 'most appropriate'" and therefore vested Probation with decisionmaking authority upon which Alujayli's liberty rests. *Matta*, 777 F.3d at 121. Rather, because the district court merely "delegate[d] to the probation officer details with respect to the selection and schedule of the [treatment] program[s], such delegation was proper." *Peterson*, 248 F.3d at 85.

Nor can Alujayli demonstrate that the special condition requiring her to "contribute to the costs of any treatment not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services," App. 34, constituted an impermissible delegation. She cites *United States v. Prouty*, 303 F.3d 1249, 1254–55 (11th Cir. 2002), where the Eleventh Circuit held that a district court may not delegate to Probation the authority to impose a restitution payment schedule because it violates the express language of the Mandatory Victims Restitution Act, 18 U.S.C. § 3664. Here, by contrast, the administration of drug treatment and counseling costs falls within Probation's purview, and Alujayli points to no comparable statutory provision confining the setting of payment schedules for drug treatment contributions to the district court's authority. *See, e.g.*, *United States v. Warden*, 291 F.3d 363, 366 (5th Cir. 2002).

5

We have considered all of Alujayli's remaining arguments and find them to be without merit. We hereby **AFFIRM** the judgment and order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court