*United States v. Brown*

# United States Court of Appeals
## For the Second Circuit

August Term 2024

Argued:  April 10, 2025
Decided:  April 21, 2026

No. 24-1227

UNITED STATES OF AMERICA,

*Appellee*,

*v.*

MARK RICHARD BROWN,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Southern District of New York
No. 22-cr-39, Phillip M. Halpern, *Judge*.

Before:  WESLEY, SULLIVAN, and PARK, *Circuit Judges*.

Mark Brown appeals from a judgment of conviction of the United States District Court for the Southern District of New York (Halpern, *J.*) following his guilty plea to fourteen counts of making false, fictitious, or fraudulent claims, in violation of 18 U.S.C. § 287, and one count of theft of government funds, in violation of 18 U.S.C. § 641.  The district court sentenced Brown to forty-six months' imprisonment, to be followed by three years' supervised release, and ordered forfeiture and restitution.  For Brown's term of supervised release, the

district court imposed the mandatory conditions required under 18 U.S.C. § 3583(d), the standard conditions recommended under U.S. Sentencing Guidelines section 5D1.3(c), and several special conditions.  Brown did not object to any of these conditions at sentencing.

On appeal, Brown argues that the district court erred in imposing a special condition that (1) requires the installation of software to allow probation officers to monitor "all activity" on any device "that can access to the internet" without reasonable suspicion of a violation of supervision; (2) permits probation officers to conduct "unannounced examinations" of any of Brown's computer devices; and (3) requires that any electronic devices that Brown could use "in the course of employment" be subject to "monitoring restrictions as permitted by the employer."  App'x at 153, 165.  Brown argues that the condition is overbroad, not narrowly tailored, and tantamount to an impermissible occupational restriction.

We are not persuaded.  District courts have broad discretion to impose any conditions of supervised release, and the special condition imposed here was reasonable in light of the nature and circumstances of the offense and the history and characteristics of the defendant.  *See* U.S.S.G. § 5D1.3(b).  And the monitoring of Brown's work devices does not constitute an "occupational restriction" pursuant to U.S.S.G. § 5F1.5 because it does not prohibit him from engaging in a specific occupation, does not limit the terms on which he may do so, and is reasonably necessary to protect the public.  For these reasons, we conclude that the district court did not err in imposing the special condition of supervised release.  Accordingly, we **AFFIRM** the judgment of the district court.

AFFIRMED.

<div style="margin-left:40%">

DARRELL FIELDS, Federal Defenders of New York, New York, NY, *for Defendant-Appellant*.

SHAUN E. WERBELOW (Benjamin D. Klein, Michael D. Maimin, *on the brief*), Assistant United States Attorneys, *for* Danielle R. Sassoon, Acting United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

</div>

RICHARD J. SULLIVAN, *Circuit Judge*:

Mark Brown appeals from a judgment of conviction of the United States District Court for the Southern District of New York (Halpern, *J.*) following his guilty plea to fourteen counts of making false, fictitious, or fraudulent claims, in violation of 18 U.S.C. § 287, and one count of theft of government funds, in violation of 18 U.S.C. § 641. The district court sentenced Brown to forty-six months' imprisonment, to be followed by three years' supervised release, and ordered forfeiture and restitution. For Brown's term of supervised release, the district court imposed the mandatory conditions required under 18 U.S.C. § 3583(d), the standard conditions recommended under U.S. Sentencing Guidelines section 5D1.3(c),[1] and several special conditions. Brown did not object to any of these conditions at sentencing.

On appeal, Brown argues that the district court erred in imposing a special condition that (1) requires the installation of software to allow probation officers to monitor "all activity" on any device "that can access to the internet" without reasonable suspicion of a violation of supervision; (2) permits probation officers to

---

[1] Brown was sentenced before the Sentencing Guidelines were revised in November 2025; in the revised version, both the standard and special conditions of supervised release are listed under section 5D1.3(b).

conduct "unannounced examinations" of any of Brown's computer devices; and

(3) subjects any electronic devices that Brown could use "in the course of

employment" to "monitoring restrictions as permitted by the employer." App'x

at 153, 165. Brown argues that the condition is overbroad, not narrowly tailored,

and tantamount to an impermissible occupational restriction.

We are not persuaded. District courts have broad discretion to impose any

conditions of supervised release, and the special condition imposed here was

reasonable in light of the nature and circumstances of the offense and the history

and characteristics of the defendant. *See* U.S.S.G. § 5D1.3(b). And the monitoring

of Brown's work devices does not constitute an "occupational restriction"

pursuant to U.S.S.G. § 5F1.5 because it does not prohibit him from engaging in a

specific occupation, does not limit the terms on which he may do so, and is

reasonably necessary to protect the public. For these reasons, we conclude that

the district court did not err in imposing the special condition of supervised

release. Accordingly, we **AFFIRM** the judgment of the district court.

## I. BACKGROUND

From at least 2017 through 2020, Brown engaged in a scheme in which he

stole personally identifiable information ("PII") from prisoners to file fraudulent

4

tax returns that generated tax refunds from the Internal Revenue Service (the "IRS"). To obtain the prisoners' PII, Brown impersonated an attorney and sent letters soliciting the prisoners' PII; he intentionally targeted incarcerated victims because they were less likely to realize that their identities had been stolen. Brown ultimately filed fourteen unauthorized tax returns in the names of at least nine prisoners and fraudulently received $136,672 in refunds from the IRS.

In January 2022, a grand jury in the Southern District of New York returned an indictment against Brown, charging him with various fraud and theft offenses. After his arrest in April 2022, the government filed a superseding information on January 31, 2023, charging Brown with fourteen counts of making false, fictitious, or fraudulent claims in violation of 18 U.S.C. § 287, and one count of theft of government funds in violation of 18 U.S.C. § 641. The next day, Brown pleaded guilty to all fifteen charges pursuant to a plea agreement.

In April 2024, the district court imposed a sentence of forty-six months' imprisonment, to be followed by three years of supervised release, and ordered forfeiture in the amount of $136,672.75.[2] In addition to the mandatory and

---

[2] During the sentencing proceeding, the district court noted that: (1) at the time of his arrest, Brown was on community supervision for a prior state conviction involving a similar scheme; (2) Brown had a long history of criminal conduct, including convictions for drug and firearm offenses, criminal impersonation, assault, and larceny; and (3) he had used multiple identities

standard conditions of supervised release, the district court imposed five special conditions that were recommended in the Presentence Investigation Report ("PSR"). These conditions required Brown to (1) provide Probation access to his financial information; (2) obtain approval before incurring new credit; (3) submit to searches of his person and property, including electronic devices, upon reasonable suspicion of unlawful conduct; (4) permit monitoring and periodic unannounced examinations of all electronic devices; and (5) participate in mental-health treatment. Brown timely appealed his sentence.

## II. STANDARD OF REVIEW

When a defendant is on notice that a condition of supervised release will be imposed and fails to object, we review the defendant's arguments on appeal for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008). To establish plain error, a defendant must show "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights; and (4) the error seriously affect[ed] the fairness, integrity[,] or public reputation of judicial proceedings." *United States v. Moore*, 975 F.3d 84, 90 (2d Cir. 2020) (quoting *United States v. Balde*, 943 F.3d 73, 96

and provided false information to the court, Probation, and law enforcement concerning his identity and history.

6

(2d Cir. 2019)). The defendant bears the burden of establishing each of these elements. *See United States v. Dussard*, 967 F.3d 149, 156 (2d Cir. 2020). And we have warned that "reversal for plain error should be used sparingly, solely in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (quoting *United States v. Frady*, 456 U.S. 152, 163 n.14 (1982)).

### III. DISCUSSION

### A. The Electronic-Monitoring Condition Is Not Overbroad.

Brown first challenges the special condition authorizing the Probation Office to (1) monitor all of his activities on any computer or other electronic device, and (2) make unannounced examinations of any of his electronic devices. According to Brown, these aspects of the condition are "overbroad" and "not narrowly tailored" to a compelling government interest. Brown Br. at 15. He also contends that the district court failed to make the proper "individualized assessment" before imposing them. We disagree.

Trial courts are given "broad discretion to attach special conditions" of supervised release to "constrain the defendant's behavior." *United States v. Sims*, 92 F.4th 115, 119 (2d Cir. 2024) (internal quotation marks omitted). A district court

may impose special conditions if they are "reasonably related to '(A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with . . . correctional treatment in the most effective manner.'" *United States v. Carlineo*, 998 F.3d 533, 536 (2d Cir. 2021) (quoting U.S.S.G. § 5D1.3(b)). A special condition of supervised release must "involve no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing," and be "narrowly tailored to serve a compelling government interest" if the condition implicates "fundamental liberty interests." *United States v. Farooq*, 58 F.4th 687, 694 (2d Cir. 2023) (citations omitted). And "a district court must make an individualized assessment when determining whether to impose a special condition of supervised release, and state on the record the reason for imposing it." *United States v. Oliveras*, 96 F.4th 298, 313 (2d Cir. 2024) (alterations and internal quotation marks omitted) (quoting *United States v. Eaglin*, 913 F.3d at 94 (2d Cir. 2019)).

Here, the electronic-monitoring condition is clearly reasonable in light of "the nature and circumstances of the offense and the history and characteristics of

8

the defendant," "the need for the sentence imposed to afford adequate deterrence to criminal conduct," and "the need to protect the public from further crimes of the defendant." U.S.S.G. § 5D1.3(b)(1). Brown pleaded guilty to using internet-enabled devices to file fraudulent tax returns in the names of vulnerable victims and seeking hundreds of thousands of dollars in refunds from the IRS – all while he was on probation following his state-court conviction for a nearly identical offense in Connecticut. Furthermore, the district court noted that Brown has a significant criminal history and a documented record of assuming multiple identities and aliases and giving contradictory versions of his biographical information to Probation. In the PSR, Probation noted that Brown "ha[d] assumed several identities with contradictory accounts of his personal and family data" and concluded that it was "unable to discern the truth" about his identity and personal history. PSR at 27. The district court also emphasized that "the instant offenses involve[d] . . . fraud using a computer." App'x at 154. On this record, we cannot say that the district court plainly erred in concluding that the monitoring condition was related to the factors outlined in section 5D1.3(b).

We also conclude that this condition does not impose a greater deprivation of liberty than reasonably necessary. While the monitoring of Brown's devices

9

must be "precisely targeted to" the government's goal of ascertaining whether Brown is using electronic devices to defraud others or commit a crime, *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004), we do not require Probation to employ "the least intrusive means" possible to accomplish this goal, *id.* at 192 (citation omitted). In any event, we have recognized that "for monitoring to be effective, *some* entity – whether Probation or a third party – must be able to monitor a large swath of the defendant's Internet activity." *United States v. Rubel*, 823 F. App'x 1, 6 n.7 (2d Cir. 2020); *see also United States v. Balon*, 384 F.3d 38, 48 (2d Cir. 2004) (observing that unless a probation officer is allowed to search all of the data on a computer, the supervisee could "store huge amounts of illicit data" there). And while it is true that Brown will be required to submit to initial and subsequent computer examinations, as well as to the installation of monitoring software on his electronic devices, Probation's ability to search his devices is not unfettered. The search condition permits searches only "upon reasonable suspicion concerning violation of a condition of supervision or unlawful conduct," and only "at a reasonable time and in a reasonable manner." App'x at 165.

In light of these principles, and given the nature of the offense, Brown's repeated use of electronic devices to engage in unlawful conduct, his continuation

of unlawful conduct while on probation for a previous state offense, and his history of lying to Probation, we conclude that the computer-monitoring condition is not an unreasonable or excessive deprivation of Brown's liberty. *See United States v. Browder*, 866 F.3d 504, 512 (2d Cir. 2017); *see also, e.g., Rubel*, 823 F. App'x at 5–7 (upholding special condition permitting Probation "to install any application or software that allows it to survey and/or monitor all activity on any computer(s), automated service(s), or connected devices that the defendant will use during the term of supervision and that can access the internet." (citation omitted)).

Accordingly, we conclude that the district court did not plainly err in imposing the electronic-monitoring condition.

## B. The Electronic-Monitoring Condition Is Not an Occupational Restriction.

Brown also asserts that the component of the special condition restricting his "use of any devices in the course of employment" is "tantamount to an occupational restriction" since it "effectively requires him to notify any prospective employers of his fraud conviction." Brown Br. at 14, 17. Because Brown did not object to this condition at sentencing, we once again review for plain error. *Dupes*, 513 F.3d at 343.

Section 5F1.5(a) of the Sentencing Guidelines provides that the trial court may impose a special condition "prohibiting the defendant from engaging in a specified occupation, business, or profession, or limiting the terms on which the defendant may do so" only if (1) "a reasonably direct relationship existed between the defendant's occupation, business, or profession and the conduct relevant to the offense of conviction"; and (2) "imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted." U.S.S.G. § 5F1.5(a). We have also long recognized that occupational restrictions "may not be imposed to any greater extent than reasonably necessary to" protect the public. *United States v. Doe*, 79 F.3d 1309, 1321 (2d Cir. 1996).

Here, the challenged monitoring condition is not an occupational restriction. The condition does not bar Brown from a specific occupation, business, or profession, *see* U.S.S.G. § 5F1.5(a), restrict him from using a computer or computer equipment such that he would be functionally barred from occupations requiring such use, *see United States v. Peterson*, 248 F.3d 79, 83 (2d Cir. 2001), or compel Brown to notify his employers of the nature of his conviction. And even if the

condition functionally required Brown to notify future employers about the nature of his conviction, such a requirement would not transform the challenged monitoring condition into an occupational restriction because the condition does not target "a *specified* occupation, business, or profession."  U.S.S.G. § 5F1.5(a) (emphasis added).

Brown also relies on our summary order in *United States v. Gorychka*, No. 23-6457, 2024 WL 3964287, at *2 (2d Cir. Aug. 28, 2024), which broadly stated that "[w]e have treated . . . employer notification conditions as 'occupational restrictions,'" citing *Peterson*, 248 F.3d at 85-86.  But *Peterson*, the only case cited by *Gorychka* for this proposition, considered a special condition that required a supervisee to notify particular employers, identified by a probation officer, of his conviction.  248 F.3d at 85-86.  It did not consider a general electronic-monitoring condition that encompassed electronics used in the course of any employment.  And since Peterson, we have upheld employer-notification requirements without subjecting them to the special requirements for occupational restrictions.  *See United States v. MacMillen*, 544 F.3d 71, 77-78 (2d Cir. 2008).  We thus decline to follow *Gorychka* here.

13

Given that the challenged computer-monitoring condition neither restricts Brown from "specified occupations" nor functionally bars him from jobs requiring the use of a computer, we find that this special condition is not an occupational restriction as contemplated by section 5F1.5. Accordingly, we conclude that the district court did not plainly err in imposing this special condition of supervised release.

## IV. CONCLUSION

For all the foregoing reasons, we **AFFIRM** the judgment of the district court.